LittletoN, Judge,
delivered the opinion of the court:
Plaintiffs sue to recover income tax for 1943 in the amount of $9,976.06, with interest thereon as provided by law.
In auditing the return of income filed by plaintiffs as executors and trustees of the estate of Joseph T. Sneed, Jr., for 1943, the Commissioner of Internal Revenue disallowed a deduction claimed and taken by plaintiffs in the amount of $15,000 regularly paid by them to Dorothy Love Sneed in 1943, in accordance with the provisions of the codicil to the will of Joseph T. Sneed, Jr.
It is plaintiff’s position that this deduction was proper and should have been allowed in determining the taxable net income of the estate under the provisions of Section 162 of the Internal Revenue Code[1] (1) because under the terms of the testator’s will and codicil thereto the payment in 1943 to Dorothy could be made only out of income of the trust or estate and was therefore deductible within the meaning of Section 162 (b) or (c); or (2) because even if the distribution or payment could have been made from other than income of the estate or trust, it was part of a bequest by the testator which was to be distributed at intervals, and, the amount so distributed in 1943, was not in excess of the estate distributable income of the estate in that year and was,.therefore, deductible under Section 162 (d) (1). We are of the opinion that plaintiffs are right in their contention that the amount paid was deductible.
*527 Defendant argues, however, that under a proper construction of the testator’s will and codicil, the $15,000 payment to Dorothy Love Sneed in 1948 could have been made from either corpus or income of the trust, and that plaintiffs are not aided by Section 162 (d) (1) of the Code because the $15,000 was not part of a bequest payable to Dorothy at intervals, but was rather a lump sum payment required by the will to be made on a date certain.
Whether the $15,000 payment to Dorothy could have been made only out of income of the trust, or could have been made from corpus if necessary, depends upon the intention of the testator as expressed in his will and codicil.
On October 5,1936, Joseph T. Sneed, Jr., executed his will, in the second clause of which he bequeathed to his daughter, Elizabeth Sneed Pool, the family home and furnishings. In the third clause the testator bequeathed all the rest, residue, and remainder of his estate to his executors in trust, to be held, administered, and paid by them to the devisees and legatees named under the conditions therein provided. In the fourth clause of the will, the testator directed his executors and trustees to convert all the personal property of his estate, which comprised the corpus of the trust, into cash or bonds and other securities as the executors deemed advisable, and to hold, manage, invest, and reinvest such cash and securities, as well as all other money from other sources coming into the hands of the executors. This same clause then provided that “after the payment of taxes, -fixed charges, operating expenses and the expenses of administration,” the executors should pay over the “net income” [italics supplied} from the trust of the residuary estate to his daughter, Elizabeth Sneed Pool, during her lifetime. In a subpara-graph to this clause, the testator provided that in the event his daughter should predecease him and leave surviving her a child or children, the net income of the estate should be paid (in amounts and at times in the discretion of the trustees) for the care, maintenance, support, and education of such surviving child or children until the youngest should reach the age of twenty-one.
*528 In the fifth, clause of the will, the testator provided for the vesting of the corpus of the trust on the death of the life net income beneficiary, Elizabeth Sneed Pool. The sixth clause of the will contained further directions to the trustees concerning the management of the trust estate, and the seventh clause designated the persons who were to serve as executors and trustees. The testator changed his mind upon his second marriage.
Subsequent to the execution of his will, the testator remarried and adopted the two minor daughters of his second wife, Brad Love Sneed. On November 16, 1938, Mr. Sneed executed a codicil to his last will in which he made certain provisions for cash payments from his estate to be made to his wife and the two adopted daughters. With respect to his wife, Brad Love Sneed, the codicil provided that upon his death and for so long as Mrs. Sneed should survive him and remain unmarried, the executors and trustees named in his will should pay to her in cash $15,000 a year “out of my estate as a fixed charge and before the distribution and payment of the net income of my estate as in my said Will provided.” [Italics supplied.]
A further clause in the codicil provided that in the event his two adopted daughters survived him and reached the age of twenty-five years, they should each receive $15,000. The ■same clause also directed the executors and trustees named in his will to pay, in their discretion, whatever amounts they might deem necessary for the education and support of the two girls during their minority and “during the necessary time required thereafter for them or either of them to complete her or their education.” The next clause in the codicil provided as follows:
I desire and direct that the bequests hereinabove provided [which included the $15,000 to his wife] shall be paid out of my estate from time to time and in the amounts herein provided, as a fixed charge and before the distribution and payment of the net income of my estate as provided and I desire, and I here direct, that this Codicil be annexed to and made a part of my said Will of October 5,1936, to all intents and purposes.
*529 The testator died on October 15,1940, leaving him surviving, Elizabeth Sneed Pool, the net income life beneficiary of the testamentary trust, his wife, Brad Love Sneed, and the two adopted daughters named in the codicil to his will, Dorothy Love (Sneed) Brown and Betty Love Sneed. In 1943, Dorothy Love (Sneed) Brown reached the age of twenty-five years and the trustees and executors named in the. testator’s will paid to her the $15,000 provided for in the above mentioned codicil. In computing the taxable net income of the estate for 1943, the executors and trustees deducted the $15,000 paid to Dorothy. This deduction was-, disallowed to the estate by the Commissioner of Internal Revenue and income tax was paid by the estate without the-benefit of this deduction. Dorothy did not report the sum as-income to her and no federal income tax thereon has been collected by the government from any person except the executors and trustees.
Plaintiffs insist that the estate was entitled to deduct the-$15,000 in determining the taxable net income of the estate for 1943 by virtue of the provisions of Section 162 (b) [2] and (c) [3] of the Internal Revenue Code. We think it is clear that Section 162 (b) permits an estate or trust a deduction for the amount of estate or trust income which within the tax year becomes payable by the fiduciaries to legatees, heirs or beneficiaries. We also think it is clear that Section 162 (c) permits the estate a deduction for the amount of income received by the estate during the period of administration (and *530 this estate was.still in the process of administration in' 1943 [4]) which is properly paid or credited during the tax year to any legatee, heir or beneficiary. The deduction is also allowed if the fiduciary has discretion to either distribute or accumulate the amount and the amount is either properly paid or credited to the legatee, etc., during the tax year.
Whether or not plaintiffs are entitled to the benefit of the deduction provided for in Section 162 (b) or (c) depends upon whether, under the terms of the will and codicil, the $15,000 payment was payable from income of the testamentary trust. Plaintiffs assert that this question has been decided in the affirmative by the Texas courts and that such decision is binding on this court respecting the interpretation of the will and codicil. The State court decision in question was rendered in the case of Sneed v. Pool, et al., 228 S. W. 2d 913. In that case Brad Love Sneed, the surviving widow of the testator sued the executors and trustees of his estate for a sum equal to the income taxes which she had paid from 1942 to 1947, inclusive, to the United States on the $15,000 annual bequest she had received pursuant to the codicil of the will. On appeal from an adverse decision in the lower court, Mrs. Sneed contended, among other things, that under the terms of the will and codicil the annual payments to her were fixed charges against the corpus of the trust estate and were not conditioned upon the existence of income in the estate or trust. The appellate court held, at page 916, that:
* * * When construed in connection with each other, the will and codicil are clearly susceptible to the interpretation that the testator intended that the annual $15,000 payments should be made from the gross income of the trust estate.
In reaching this conclusion, with which we are in agreement, the Texas court noted that the codicil specifically characterized these payments as “a fixed charge and before the distribution and payment of the net income of my estate as in my said Will provided.”; that “fixed charges” are mentioned only once in the will itself,; that while generally “fixed charges” are the general running expenses of a business, as used in this will and codicil they are limited to the fixed *531 charges of the trust estate; and that the will clearly defines net income (which was to be paid only, to the life income beneficiary, Elizabeth Sneed Pool) as that which is left after' taxes, fixed charges, operating and administration expenses have been paid out of gross income.
It was clear to the Texas court, as it is to us, that according to the will none of the corpus of the estate was to be distributed during the lifetime of Elizabeth Sneed Pool, nór during any further life of the trust if Elizabeth was survived by any minor child or children; that the codicil did not change the will with respect to the disposition of net income, the manner in which it should be determined, nor the final disposition of the corpus of the trust estate. The court could see no justification, and we find none, for assuming that the testator intended, in making the codicil, to permit' an invasion of corpus or to grant an annuity or gift to Mrs. Sneed that must be paid at all events and regardless of the existence of sufficient trust income.
In reaching the above conclusions, the Texas court pointed out that in the codicil provisions relating to the payments to the two adopted daughters, the testator reiterated that the widow’s bequest, as well as those to the girls, was to be paid by the trustees out of the estate as a fixed charge and before the distribution of net income as provided in the will. It is this language in the Texas court’s opinion that plaintiffs rely on as binding on this court in its interpretation of the meaning of the codicil provision for the daughter Dorothy.
It is true, as stated by defendant, that the Texas court’s comments regarding the provision in the codicil relative to Dorothy, were perhaps to some extent obiter dicta. But that court’s interpretation of the trust provisions of the will to which the codicil provisions refer in the case of both the widow and Dorothy, is not dictum. In that connection, the court stated, at page 916:
* * * According to the will, none of the corpus of the' estate is to be distributed during the life of Elizabeth Sneed Pool or during the existence of the trust. It is only the net income which can be. distributed to anyone; therefore, any fixed charge must be made against the gross income of the trust estate.
*532 •It appears that the Texas court, which clearly had jurisdiction in such matters, has construed and interpreted the testator’s will and conclude that the corpus of the trust created by the will could not be invaded during the life of the trust and that fixed charges had to be paid out of gross income of the trust estate. The Texas court also held that the provision in the codicil requiring the annual $15,000 payment to the testator’s widow as a fixed charge before the payment of net income as provided in the will, did not alter the terms of the will with respect to the treatment of corpus or the definition of net income. While this latter holding is not binding upon us in interpreting the codicil provision relative to the daughter Dorothy, we not only feel that it is highly persuasive but we agree with it. We could reach no other conclusion than that reached by the Texas court without disagreeing with its interpretations of the will, since the codicil provisions respecting the widow and the daughters are so nearly identical.
Defendant has called to our attention the fact that the Tax Court has twice followed the decision of the Texas court. In Estate of Sneed v. Commissioner, 17 T. C. 1344, the Tax Court held that the estate was entitled to deduct the payments made under the codicil to the widow, Brad Love Sneed, in 1940 and 1941, under Section 162 (c), noting that the Texas court had determined that the amounts were payable only out of estate income and could not be charged against corpus. Again in Sneed v. Commissioner (June 23, 1953) in a memorandum decision (1953 Prentice-Hall, T. C. Memorandum Decisions Service, par. 53,223), the Tax Court ruled adversely to Mrs. Sneed’s claim that the payments received by her in 1940 and 1941 under the codicil, were not income taxable to her because they were a charge against either corpus or income. Appeals from both of these decisions are now pending in the Fifth Circuit.
We conclude that under the terms of the will and codicil, the testator did not intend to authorize the invasion of the corpus of the trust estate for any purpose whatsoever; that the fixed charges mentioned in the will and codicil were payable only out of gross mcome of the trust and that the estate is'entitled to deduct the $15,000 payment to Dorothy in 1943, *533 in determining the taxable net income .of the trust for :that year. '
Inasmuch as we have held that the amount paid to Dorothy might not, under the terms of the. will and codicil, be obi tained from the corpus of the trust, it is not necessary to decide whether or not Section 162 (d) (1) is applicable to this distribution.
Plaintiffs are entitled to recover, and judgment against defendant in their favor for the principal sum of $9,976.06, with interest on $6,149.75 from July 22,1945, and with interest on the balance of $3,826.31 from September 21, 1945, as provided by law.
It is so ordered.
Madden, Judge; Whitaker, Judge/ and Jones, Chief Judge, concur.
Judge Paramóse took no part in the consideration or decision of this case.
FINDINGS OF FACT
The court having considered the evidence, the report of Commissioner Wilson Cowen, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiffs reside in Texas; they are the duly authorized and acting executors and trustees of the Estate of Joseph T. Sneed, Jr., deceased, and they maintain an office with a principal place of business for such estate at Amarillo, Texas.
2. For the calendar year 1943, plaintiffs timely filed with the Collector of Internal Revenue a tentative and a completed fiduciary income and victory tax return for the Estate of Joseph T. Sneed, Jr., deceased. The completed return reported no tax due, in part, for the reason that deductions w.ere taken for distributions of income to beneficiaries in the aggregate amount of $51,661.57.
3. The Commissioner of Internal Revenue, on audit of the 1943 tax return of said estate made a deficiency assessment for Federal income taxes for the year 1943 in the principal amount of $18,044.47 plus interest which amounts of tax and interest were paid in full by plaintiffs to the defendant. The deficiency in tax resulted because of a determination by *534 the Commissioner that the estate had a net taxable income for the calendar year 1943 in excess of $36,000.00.
' 4. In mailing his determination of income tax and victory tax net income, the Commissioner of Internal Eevenue did not .allow to plaintiffs a claimed deduction for an amount of $15,000.00 which plaintiffs had paid in 1943 to Dorothy Love Sneed, a beneficiary, all in accordance with the will of Joseph T. Sneed, Jr. Dorothy Love Sneed has not reported this sum as income for Federal tax purposes and no Federal income tax thereon has ever been collected by the defendant from any person except the plaintiffs.
5. After paying the deficiency assessed by the Commissioner of Internal Eevenue, plaintiffs timely filed a formal refund claim for income taxes alleged to have been improperly collected by reason of the Commissioner of Internal Eevenue having failed to allow to plaintiffs a deduction for said $15,000.00 paid to Dorothy Love Sneed in the year 1943.
6. Plaintiffs’ refund claim was disallowed in full by the Commissioner of Internal Eevenue and plaintiffs were so notified by registered letter dated August 14, 1950.
. 7. Joseph T. Sneed, Jr., died testate on October 15, 1940, leaving a widow, three adopted daughters, and an adopted grandson, named, respectively, Brad Love Sneed, Dorothy Love Brown, Betty Love Sneed, Elizabeth Sneed Pool, and Joseph Harold Pool. Elizabeth Sneed Pool, who is one of the plaintiffs in this action, was named one of the executors in the decedent’s will, which was executed October 5, 1936. The will, with codicil attached, reads as follows:
KNOW all men by these presents:
That I, J. T. Sneed, Jr., of Amarillo, Potter County, ..Texas, being of sound and disposing mind and memory, do make, publish and declare this as my Last Will and Testament, hereby revoking all wills and codicils thereto at any time heretofore made by me:
First: I direct that all of my just debts shall first be paid out of my estate.
Second: I.hereby will and bequeath to my daughter, Elizabeth Sneed Pool, in fee simple, the family residence at 2123 Harrison Street, being Lots 13, 14 and 15, in Block 19 of the Magnenat Subdivision of the Mrs. M. D. Oliver Eakle Addition to the City of Amarillo, Potter County, Texas, together with all improvements thereon *535 situated and all household goods, furniture and fixtures therein and belonging thereto, as her sole and separate property, for her separate use and benefit.
Third: All the rest and residue of my estate of every nature, real and personal, where ever situated, including the comunity [community] estate vested in me under the will of my deceased wife, Zella Sneed, and all of my separate estate, I desire and direct shall pass to and vest in trust in the Executors hereinafter named, to be held, administered and paid by them to the devisees and legatees hereinafter named, subject to the conditions herein provided.
Fourth:
1. I desire and direct that my Executors shall as rapidly as can be done after my death, in the exercise of their sound discretion, convert the personal property of my estate into cash or into bonds, and other securities of such nature as they shall deem advisable. All such cash, bonds and/or securities, as well as all moneys derived from royalties, rentals and leases of oil and gas lands, rentals, lease and sale of lands, or from whatever source obtained which shall come into the hands of my said Executors, shall be held, managed, invested and reinvested by them, and after payment of taxes, fixed charges, operating expenses and the expenses of administration, my said Executors shall then pay over the net income from my said estate to my daughter, Elizabeth Sneed Pool during her lifetime, should she survive me.
2. If my daughter, Elizabeth Sneed Pool, shall predecease me and if she shall leave surviving her a child or children, then I desire and direct that my said Executors shall from the net income of my estate pay such amount thereof from time to time as shall in their judgment be deemed necessary for the care, maintenance, support and education of said surviving child or children, of my daughter, Elizabeth Sneed Pool, until the youngest child or until the youngest of said children shall have reached the age of twenty-one years.
Fifth:
1. Upon the death of my daughter, Elizabeth Sneed Pool, I desire and direct that my executors shall thereupon, as soon as can be conveniently and properly done consistent with the best interest of my estate in their judgment, deliver and convey all of my estate of every nature and description then remaining in their hands to the child or children of the body of my daughter, Elizabeth Sneed Pool, share and share alike, in fee simple, *536 when the youngest child or the youngest of said children shall have reached his or her majority, and during the time that my said estate shall be so held by my Executors, I desire and" direct that they shall pay from time to time, as in their judgment may be required, such amount or amounts for the use and benefit of each of said surviving children as they shall deem necessary for the care, maintenance, support and education of said child or children.
2. If any child or children of my daughter, Elizabeth Sneed Pool surviving her should die prior to the distribution of my estate as herein provided, and should such deceased child or children leave no surviving child or children, then the portion of my estate which would have gone to such deceased child or children I desire and direct shall be distributed, share and share alike, to the surviving child or children of my daughter, Elizabeth Sneed Pool, at the time the youngest thereof shall have attainted [attained] the age of twenty-one years as here-inabove provided. If, however, after the death of Elizabeth Sneed Pool, and if she shall leave a child or children surviving her, and if her surviving child or any ■of her surviving children shall die before the youngest of said surviving children shall have attained the age of 21 years, and if either of such deceased child or children .shall leave surviving him or her a child or children, then .such surviving children, being the grandchildren of Elizabeth Sneed Pool shall, upon the distribution of my estate, receive, share and share alike, the portion which would have gone to his or their deceased parent.
3. If upon the death of Elizabeth Sneed Pool she shall leave no child or children of her body surviving her, or in the event she shall leave a child or children surviving her and they shall all die prior to the youngest of them attaining the age of 21 years and leave no child or children surviving them, as hereinabove provided, then and in such event I desire and direct that my executors shall thereupon, as soon as can be conveniently and properly done, consistent with the best interest of my estate, divide all of my estate then in their hands into equal parts, to be divided share and share alike in fee simple to the then surviving children of my brother, J. B. Sneed, and to the then surviving children of my brother, H. M. Sneed, and to the then surviving children of my sister, Mrs. Georgia E. Thompson, share and share alike.
Sixth:
• 1. I hereby give to the Executors and Trustees herein named full and complete right and unrestricted authority to hold, manage, operate, lease, exchange, mortgage and/or sell, all or any portion of the lands or personal *537 property belonging to my estate, for such price and upon such terms as they shall deem proper and to the best interests of my said estate.
2. As to any of said lands which are already proven or hereafter are considered to be oil and/or gas bearing, or to contain other minerals, I hereby give to my said Executors full and complete right and unrestricted authority to hold, manage, operate, drill, lease, exchange, mortgage and/or sell said lands, in whole or in part, in fee simple, or as to surface rights, or as to leasehold and/or royalty interests therein, as they shall deem proper and to the best interest of my estate, and my Executors shall be the sole judge of such matters.
3. I expressly authorize and empower my said Executors to.borrow' money for the benefit of said estate, if they shall deem it necessary, and to pledge arid mortgage lands and personal property thereof as security therefor, on such terms as they see fit.
4. My Executors shall have the right and power to set up and. maintain at all times until final distribution of my estate, such cash reserve as by them may be deemed necessary for payment of interest, taxes, rents, and other expenses of said estate.
Seventh: I hereby nominate, constitute and appoint Terry Thompson, of Amarillo, Texas, L. J. Haile of Moore County, Texas, my daughter, Elizabeth Sneed Pool, and H. C. Pipkin, of Amarillo, Texas, and the survivors or survivor of them, as Independent Executors, or Independent Executor, as the case may be, of this my Will, with full power and authority unto them and the survivors or survivor of them, to do any and all things necessary to make effective all the terms and provisions of this my Will, as Executors and Trustees; and I direct that no bond be required of them, or either of them. I further desire and direct that no further action be_ had in the probate court than to prove and record this will and to return an inventory and appraisement of my estate, after which is done I direct that said estate be dropped from the docket of said court and that said estate be administered independently by my Executors as herein provided.
I hereby nominate, constitute and appoint my grandson, Joseph Harold Pool, as one of the Independent Executors and Trustees of this my will, effective after he shall have reached the age of twenty-one years and after any of the Executors hereinabove named shall have died or become incapacitated or shall have failed and refused to act in such capacity.
*538 In witness whereof, I have hereunto set my hand this the 5th day of October 1936, in the presence of H. M. Adkins and Wm. L. Darrah, who attest the same at my request.
(S)J. T. Sneed, Jr.
The above instrument was now here subscribed by J. T. Sneed, Jr., the testator, in our presence, and we, at his request and in his presence, sign our names hereto as attesting witnesses.
(S) H. M. Adkins.
(S) Wm. L. DakRAh.
Know all men by these presents:
That, whereas, I, J. T. Sneed, Jr. of Amarillo, Potter County, Texas, have heretofore on October 5,1936, made ,and executed my Last Will and Testament; and since the execution of said Will on said date I have married and I now desire to make provision for my wife, Brad Love Sneed, and for her daughters, Dorothy Love and Betty Love, which daughters I have legally adopted, as shown by the order and judgment of. date August 29, 1938, in the District Court of Potter County, Texas, 47th Judicial District, such order and judgment being recorded in Yol. 1 at Page 70 of the Adoption Records ■of Potter County, Texas;
Now, therefore, I do hereby expressly revoke and can-eel all codicils, if any, heretofore made by me to my ■said Will of October 5, 1936, and do now and hereby declare this instrument of writing to be a codicil tó my ■said Will of October 5,1936, to be taken as a part thereof.
I do hereby give and bequeath to my beloved wife, Brad Love Sneed, should she survive me, and. for so long as she lives and remains my widow and unmarried, in cash the sum of Fifteen Thousand ($15,000.00) Dollars per year, to be paid to her by my Executors and Trustees out of my estate as a fixed charge and before the distribution and payment of the net income of my ■estate as in my said Will provided.
Further, I do hereby give and bequeath unto each of my adopted daughters, Dorothy Love and Betty Love, in ■cash the sum of Fifteen Thousand Dollars ($15,000.00), such bequest to be paid to each of them respectively when :she shall have attained the age of twenty-five (25) years. However, if either of my said adopted daughters shall die before attaining the age of twenty-five years, such bequest of $15,000.00 to her shall' be ineffective and inoperative. In this connection I further desire and direct that during the minority of each of my said daughters, and while the education of each of them is being *539 completed, my! Executors as named in my said Will' of October 5,1936, are authorized, empowered and.directed to pay such amount or amounts from time to time as may be reasonably necessary and required in their judgment and discretion for the education and support of my said minor daughters during their minority and during the necessary time required thereafter for them or either of them to complete her or their education.
I desire and direct that the bequests hereinabove provided shall be paid out of my estate from time to time and in the amounts herein provided, as a fixed charge and before the distribution and payment of the net income of my estate as provided and I desire, and I here direct, that this Codicil be annexed to and made a part of my said Will of October 5, 1936, to all intents and purposes.
In witness whereof, I do now make, publish and declare this instrument as a Codicil to be annexed to and become a part of my Last Will and Testament dated October 5, 1936, and I do hereunto subscribe my name this 16th day of November, A. D. 1938, in the presence of H. M. Adkins and Chas. H. Keffer, as attesting witnesses.
(S) J. T. Sneed, Jr.,

Testator.

The above Codicil was now here subscribed by J. T. Sneed, Jr., the Testator, in our presence, and we, at his request, and in his presence, sign our names hereto as attesting witnesses, on this the 16th day of November, A. D. 1938.
(S) H. M. Adkins,
(S) Chas. H. Keefer,

Attesting Witnesses.

8. The decedent, Joseph T. Sneed, Jr., left an estate which had a net value for Federal estate tax purposes of $806,915.56. The major portion of this property was the decedent’s separate property, which included a cattle ranch with the usual equipment and machinery, livestock, mineral interests in various lands, and miscellaneous property. The community property included real estate,- cattle, preferred stock, notes and cash, accounts receivable, and miscellaneous property.
At the time of the decedent’s death, his surviving wife owned a five-eighths interests in the family home in Amarillo, Texas, having a market value of $30,000. The wife was also the beneficiary of three insurance policies on the decedent’s life, having a net value of $35,000.
*540 • 'During tbe' lifetime of decedent, Elizabeth Sneed Pool received gifts from him, including realty having a value of $34,709.28, which was conveyed to her on November 19,1935, and mineral interests having a value of $15,678.24, which were transferred to her on May 15, 1936.
9. The estate of Joseph T. Sneed, Jr., was still in the process of administration as late as December 31, 1945. The executor's filed a Federal fiduciary income tax return for the calendar year 1945, reporting a gross income of $135,285.58, received principally from oil and gas royalties, less a net loss of $48,786.67, resulting from the operation of the ranch. After deductions amounting to $15,735.35, this left a net income of $70,763.56. Subsequently, these figures were adjusted by a revenue agent, who reduced the gross income $11,432.81 and made other adjustments but determined that the net income of the estate was $61,261,81.
10. In the case of Sneed v. Pool et al., 228 S. W. 2d 913, the Court of Civil Appeals for the Seventh District of Texas at Amarillo had occasion to determine the intent of J. T. Sneed, Jr.-, when he made provisions in his codicil for his wife and adopted daughters. That court held that the distributions provided by said codicil were to be made from the estate or trust income. A writ of error was applied for but refused by the Texas Supreme Court.
11. If the Court should hold that it was error to refuse the Estate of Joseph T. Sneed, Jr., deceased, a deduction in computing income tax and victory tax net income for the calendar year 1943 in the amount of $15,000.00 paid by said estate to- Dorothy Love Sneed in 1943, judgment should be entered in favor, of the plaintiffs against the defendant in a principal sum of $9,976.06 with. interest on $6,149.75 thereof from July -22, 1945, and with interest on the balance of $3,826.31 from September 21,1945, as provided by law.
CONCLUSION OF LAW
• Upon- the- foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a ■matter of law the plaintiffs are entitled to recover.
;Ib is therefore adjudged and ordered that the plaintiffs recover of and from, the .'United States Nine thousand nine *541 hundred seventy-six dollars and six cents ($9,976.06), with interest on $6,149.75 from July 22, 1945, and with interest on the balance of $8,826.31 from September 21, 1945, as provided by. law.

 Revenue Act of 1842, Section 111, 56 Stat. 798, 26. U. S. C., Sec. 162.

 Section 162 (b) provides :
There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, blit the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection “income which is to be distributed currently” includes .income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heirs, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

 Section 162 (c) provides:
In the ease of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed ¡to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable, year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary.

 Finding No. 9.