Laeamoke, Judge,
delivered the opinion of the court:
This is a suit for the difference in the amount of retirement pay actually received under the provisions of 62 Stat. *800 1081, and the amount plaintiffs allege is due them under provisions of 56 Stat. 359.
On May 29, 1959, plaintiff, John C. Abbott, and 617 others, filed the petition in this case. On October 28,1959, pursuant to an agreement of counsel at a pretrial conference, it was ordered by the commissioner that the claim of John 0. Abbott be severed pursuant to Buie 22 (b) from the claims of the other plaintiffs, and that this action be limited to the demands of John C. Abbott, with the claims of the others held in abeyance. Henceforth, all reference herein to “plaintiff” refers to John C. Abbott.
There is no dispute as to the facts, and the case comes before the court on cross-motions for summary judgment.
Plaintiff was appointed second lieutenant, Field Artillery, Officers’ Beserve Corps, on August 15,1917. He served with the American Expeditionary Forces in France during World War I and was discharged on May 15, 1919. Plaintiff accepted a commission as first lieutenant in the Officers’ Beserve Corps on January 30, 1924. He served in the Beserves, attending meetings and summer camp from that date until he was recalled for extended active duty from May 5, 1941, to September 28,1946. On July 31,1953, pursuant to Title III of the Act of June 29, 1948, 62 Stat. 1081,1087, as amended, plaintiff was placed on the Army of the United States Be-tired List in the grade of colonel. Since his retirement he has been paid retired pay computed in accordance with the provisions of said Act. Plowever, plaintiff contends that he is entitled to receive retired pay equal to 75 per centum of his active duty pay at the time of his retirement, under the provisions of paragraph 4, section 15, of the Pay Beadjustment Act of 1942,56 Stat. 359,368.
The only question before this court is under which of the above-mentioned statutes should the retirement benefits due plaintiff be calculated.
Paragraph 4, section 15, of the Pay Beadjustment Act of 1942, supra, reads:
The retired pay. of any officer of any of the services mentioned in the title of this Act [Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service] who served in any capacity as a member of the military or naval forces of the United *801 States prior to November 12,1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement, (p. 368)
Plaintiff insists that he fulfills all the requirements of the above-quoted provision because (1) he is an officer who served in “any capacity” as a member of the military forces of the United States prior to November 12, 1918, and (2) he was “hereafter retired under any provision of law.” However, defendant contends that this section of the Act pertains only to regular officers and was not intended to include reserve officers.
Plaintiff earnestly insists that the term “Army” is synonymous with the term “Army of the United States” and urges upon us the definition adopted in section 2 of the Army Organization Act of 1950, 64 Sfcat. 263, as definitive of the meaning of the term in 1942. However, prior to the adoption of this new definition the Code was silent as to the meaning to be given the term “Army”. Section 2 of Title 10, before 1950, defined the composition of the Army of the United States, and section 3 of that Title defined the Regular Army. Admittedly, the Act of 1950 made the terms synonymous by conforming the technical meaning of the term “Army” with the meaning implied by common usage, but to our minds this would strengthen the proposition that a distinction was intended prior to the adoption of the new definition. Therefore, a determination would have to be made as to the meaning of the term “Army” in any given instance. Hence, we must make that determination in the instant case.
Plaintiff’s position is that a reserve officer is clearly an “officer of any of the services” referred to in paragraph 4, section 15, of the 1942 Act. Further, that the established rule of statutory interpretation, which plaintiff refers to as the ABC rule, applies to paragraph 4, section 15. This rule was annunciated by the Supreme Court in Lake County v. Rollins, 130 U.S. 662, 670. The plaintiff’s interpretation of this rule is (a) when the words of a statute convey a definite meaning, (b) which involves no absurdity, (c) nor contradiction of other parts of the statute, then the meaning *802 apparent on the face of the statute must be accepted and the courts have no right to add to it or take away from it. We do not quarrel with this rule. Nevertheless, its application in the instant case does not lead us to the result reached by the plaintiff. We are of the opinion that the solution of the present controversy hinges on the definition of the term “Army”. It is our determination that this term is capable of more than one meaning. This is substantiated by plaintiff’s own reference to a definition. Therefore, in applying this determination to part A of plaintiff’s ABC rule, it is apparent that the words of the statute do not convey a definite meaning. Plaintiff insists that extrinsic aids to statutory interpretation such as legislative intent be precluded and only the words apparent on the face of the Act be given meaning. If this were a case of first impression, the court would not accept the blinders offered by the plaintiff and would fully explore the background material to determine the legislative intent. However, this court recently pointed out in Fox v. United States, 151 Ct. Cl. 611, 614:
Plaintiff’s position is that he has satisfied each and every provision of law to entitle him to the statutory payment. He sees the statute as susceptible of only one interpretation and, therefore, resists any reference to its legislative background. As a basic principle in construing legislation it is undoubtedly sound to refrain from introducing extraneous considerations where the meaning of the law is clear and unmistakable. By no means do we reject this doctrine.
But words do not have meaning in and of themselves. They serve as a medium of communication only to the extent that they are given meaning by placing them in their proper perspective in relation to facts, circumstances, and attitudes. Words are symbols but their meanings are rarely, if ever, unequivocally clear without some necessary reference to extrinsics.
Thus, it is not necessary for this court to examine the intended scope of paragraph 4, section 15, of the 1942 Act, or to outline its legislative history. This has already been done. Berry v. United States, 128 Ct. Cl. 530, 546 (1950). In that case the court said: case the * * * it is apparent that the fourth paragraph of § 115 must be held to limit the recovery of such pay to said:
* * * it is apparent that the fourth paragraph of § 115 must be held to limit the recovery of such pay to *803 retired officers of the Regular Navy and of the Regular components of the other services named therein. [Italic supplied.]
The identical question appeared again in Reynolds v. United States, 125 Ct. Cl. 108 (1953), and was answered by the court in the following language:
This identical question was before this court in the Berry case, supra. In that case we held that section 115 of Title 37, U.S. Code, was not applicable to reserve officers, * * *. [p. Ill]
:}: Hí ❖ ❖
In view of our conclusion that our decision in Berry v. United States, supra, is controlling in this case, we find it unnecessary to decide whether retirement under the provisions of Title III of the Army and Air Force Vitalization and Retirement Act of 1948 requires that the retired pay received be computed in accord with that statute and not under any other, [p. 114]
The plaintiff contends that the Berry case, supra, should not control the decision in the instant case because neither counsel presented background material which would help the court define the term “Navy”. It is ironic that plaintiff argues that background information was not presented to define the term “Navy” in that case but urges us to ignore background material as an aid to defining the term “Army” in the present case. However, plaintiff does argue this position and relies on Danielson v. United States, 121 Ct. Cl. 533, 545 (1952), wherein the court stated:
* * * there was no debate of a revealing nature on paragraph 4 of Section 15 as finally enacted.
Plaintiff overlooks the fact that this language was expressly repudiated in the Berry decision, supra:
* * * despite our earlier conclusion, we do have before us revealing evidence of the intended scope of this paragraph. [p. 546]
Further, the plaintiff does not attempt to distinguish the present case from Reynolds v. United States, supra, and we are of the opinion that the cases are similar on all fours. Instead, the plaintiff relies heavily on Yarnall v. United States, 131 Ct. Cl. 111, as authority for the proposition that *804 one can retire under the provisions of one statute and receive the benefits contained in a previous statute. As in the instant case, Yarnall was retired under the provisions of Title III of the 1948 Act. The Act under which Yarnall sought to have his benefits calculated was section 412(a) of the Officer Personnel Act of 1941, 61 Stat. 795, 874. This 1947 Act was expressly applicable to reserve officers and as such was held applicable to Yarnall. Therefore, he was entitled to receive its benefits. In the instant case, we have determined that the 1942 Act did not apply to reserve officers, so the question whether one can retire under the provisions of one statute and receive benefits contained in another statute is not relevant because it could be answered in the affirmative and it would not aid plaintiff’s cause. The court agrees with plaintiff that the true basic issue was whether Yarnall was “retired” within the meaning of section 412(a) of the 1947 Act and it was held that he was. In the instant case the true basic issue is whether plaintiff comes within the meaning of paragraph 4, section 15, of the 1942 Act, and we hold he does not.
The status of retirement for military personnel and the right to and the amount of retired and retirement pay are created and controlled by statute. If there is no statutory authorization for payment then the claimant is not entitled to any payment as a matter of right. Plaintiff is one of several thousand similarly retired reserve officers for whose benefit many unsuccessful legislative efforts have been made.[1]
The failure of Congress to amend paragraph 4, section 15, of the Act of 1942, in the face of the Berry and Reynolds decisions, supra, creates an inference of congressional approval of the court’s determination in those cases which cannot be ignored by this court.
Therefore, it is our determination that the term “Army” as used in paragraph 4, section 15, of the Pay Readjustment Act of 1942, supra, pertains only to regular officers and not to reserve officers. There is an old maxim, full of wisdom, *805 which reads: Ex facto fus oritur.[2] We think it would not be realistic to impute to Congress an intent to afford the same benefits to reserve officers as were intended to be given to regular officers.
It is the court’s view that the Berry and Reynolds cases, supra, fully detailed the origin of paragraph 4^ section 15, of the 1942 Act. In each of those decisions the court sufficiently examined the legislative intent of both the 1942 and 1948 Acts and properly determined that the provisions of the 1942 Act did not apply to retirees under Title III of the 1948 Act. Such determination is controlling here.
Plaintiff’s motion for summary judgment is denied, and defendant’s motion for summary judgment is granted. The petition as to plaintiff John C. Abbott (1) will be dismissed.
It is so ordered.
Durfee, Judge; MaddeN, Judge; and Jones, Chief Judge, concur.
Whitaker, Judge, took no part in the consideration and decision of this case.

 S. 1330 and S. 2448, 82d Congress; S. 362 and S. 1330, 83d Congress; S. 362, S. 1643, H.R. 6017, H.R. 6408, H.R. 11574, 84th Congress; S. 1085, S. 1622, S. 2083, H.R. 689, H.R. 4296, H.R. 4600, H.R. 9031, 85th Congress; S. 1209, S. 1655, H.R. 1136, H.R. 4296 ; H.R. 5272, 86th Congress.

 Law springs from reality.