Military fay; retired fay (nonddsability); confutation of fay; World War I officer retirement benefits; Reserve officers. — Plaintiff, a nonregular officer who served on active duty during World War I, seeks to recover increased retired pay computed at the rate of 75 percent of the active duty pay of a lieutenant colonel with over twenty years of service at the time of his retirement under the provisions of ¶ 4, § 15 of the Pay Readjustment Act of 1942, 56 Stat. 359, or, in the alternative, to recover increased retired pay without the benefit of the 1942 Act but based upon his contention that he had more than 20 years of creditable service rather than, as defendant contends, exactly 20 years of service under Title 3 of P.L. 810, 80th Cong., 10 U.S.C. §§ 1331 and 1401. Defendant argues that under previous decisions of this court nonregular officers are not entitled to the benefits of ¶ 4, § 15 of the Pay Readjustment Act of 1942. Plaintiff concedes the holdings in the previous cases but urges that they are in error and contends that if the petition is to be dismissed on this count it should be dismissed without prejudice. The case came before the court on defendant’s motion for summary judgment, plaintiff’s cross-motion for summary judgment and plaintiff’s motion to dismiss part of his claim without prejudice. Upon consideration thereof, together *1285 with, the opposition thereto, and oral argument by counsel for defendant, it is concluded (1) that plaintiff’s first cause of action, as stated in paragraph 2 of the petition, should not be dismissed without prejudice at this stage of the litigation; (2) that plaintiff’s first cause of action, stated in paragraph 2 of the petition, is dismissed on the authority of Berry v. United States, 123 Ct. Cl. 530, 107 F. Supp. 849 (1950), Reynolds v. United States, 125 Ct. Cl. 108, (1953), cert. denied, 346 U.S. 826 and Abbott, et al. v. United States, 152 Ct. Cl. 798, 287 F. 2d 573 (1961), cert. denied, 368 U.S. 915; and (3) plaintiff’s second cause of action, set forth in paragraph 3 of the petition, is dismissed because plaintiff has failed to show that he had over 20 years of service or that he should have been informed by the Government that he had only 20 years as of the date of his retirement. On February 23,1966, the court ordered that defendant’s motion for summary judgment be granted, that plaintiff’s cross-motion for summary judgment and motion to dismiss part of his claim without prejudice be denied, and the petition was dismissed.