**William O. PERRY, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. C–1301.**

United States District Court
D. Colorado.

Jan. 8, 1970.

Laird Campbell, Denver, Colo., for plaintiff.

James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This matter is before the Court on motions for summary judgment by the plaintiff and defendant. There is no genuine issue of material fact to be determined, and this matter can and should be determined by summary judgment. Briefs have been filed in support of and in opposition to the motions and the Court has heard oral argument and is duly advised.

The essential facts are not in dispute. The plaintiff, a reserve officer in the United States Army, was retired with retirement pay on October 31, 1955. His retirement pay was computed at the rate of 54.98% of his active duty pay pursuant to Title III of the Army and Air Force Vitalization and Retirement Equalization Act of June 29, 1948, (62 Stat. 1081, 1087, hereinafter referred to as Title III). Plaintiff claims that his retirement pay should be computed at a rate of 75% of his active duty pay. He rests his claim on Paragraph 4 of Section 15 of the Act of June 16, 1942, entitled "An Act to readjust the pay and allowances of personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service", which provides:

> "The retired pay of any officer of any of the services mentioned in the title of this Act who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement."

(This Act later appeared as 37 U.S.C. Sec. 115, the revisor substituting the names of the services therein mentioned for the reference to such services in the title of the original act. Title 37 was codified by Public Law 649, 87th Congress, and Section 37. Section 115 was omitted from that compilation. The omitted sections were not repealed and are still in force and effect.)

The plaintiff served in the armed forces prior to November 12, 1918.

The defendant contends:

1. The action is barred by the applicable statute of limitations 28 U.S.C. § 2401(a).

2. That the claim involves more than $10,000, and this Court is without jurisdiction under 28 U.S.C. § 1346(a) (2).

3. That Paragraph 4 of Section 15 of the Act of June 16, 1942, upon which the plaintiff relies for recovery, is not applicable to reserve officers.

## STATUTE OF LIMITATIONS

■ The defendant contends that this claim accrued in 1955 when the plaintiff was retired, and that the six-year statute of limitations (28 U.S.C. § 2401(a)) bars the action. Plaintiff admits that any claim for retirement pay accruing prior to the six-year period of limitation is barred by the statute, but contends that he can maintain an action for the retirement pay for the period commencing six years prior to the filing of the complaint. Zur-linden v. United States, 305 F.2d 856, 158 Ct.Cl. 383 (1962), supports the plaintiff's position and the action as so limited is not barred by the statute of limitations.

## AMOUNT OF CLAIM IN EXCESS OF JURISDICTIONAL AMOUNT

The differential between the retirement pay received by the plaintiff and the amount he claims he is entitled to is $2400 annually. Recovery for the six-year period at that rate would exceed the $10,000 jurisdictional limit of this Court. Plaintiff acknowledges this and waives any recovery in excess of $10,-000.

That the plaintiff has recognized this limitation on his right to recovery in this Court is indicated by Paragraph 1 of the complaint which states:

"   *   *   * this is a claim against the United States not exceeding $10,000   *   *   *".

The defendant contends that the plaintiff cannot waive a part of his claim in order to reduce it to an amount which is within the jurisdictional limits of this Court.

Although there is a split of authority on this question, we follow the rule adopted in the First and Ninth Circuits, and the United States District Court for the Eastern District of North Carolina, which recognizes the right of a plaintiff to waive the excess of his claim above $10,000 thereby permitting the District Court to retain jurisdiction under the Tucker Act. Sutcliffe Storage and Warehouse Co. v. United States, 162 F. 2d 849 (1st Cir. 1947); United States v. Johnson, 153 F.2d 846 (9th Cir. 1946); Jones v. United States, 127 F.Supp. 31, U.S.Dist.Ct. Eastern District North Carolina (1954).

■ The first paragraph of the complaint limits the plaintiff's claim to $10,000, and the plaintiff in its brief filed in connection with the motions for summary judgment has specifically waived any claim in excess of $10,000. In these circumstances, the Court concludes that it has jurisdiction to adjudicate the plaintiff's claim on its merits.

## MERITS OF PLAINTIFF'S CLAIM

As we have previously indicated, the precise question to be determined is whether or not Paragraph 4 of Section 15 of the Act of June 16, 1942, applies to reserve officers.

The Court of Claims has considered this question on a number of occasions and has construed Paragraph 4 to apply only to "regular officers and not to reserve officers." Berry v. United States, 107 F.Supp. 849, 123 Ct.Cl. 530 (1952); Reynolds v. United States, 111 F.Supp. 881, 125 Ct.Cl. 108 (1953), Cert. denied 346 U.S. 826, 74 S.Ct. 45, 98 L.Ed. 351; Abbott v. United States, 287 F.2d 573, 152 Ct.Cl. 798 (1961), Cert. denied 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130; Guthrie v. United States, 174 Ct.Cl. 1284 (1966); Clark v. United States, 186 Ct. Cl. 950 (1968). (In the latter two cases, the Court of Claims dismissed petitions on the authority of *Abbott, Berry,* and *Reynolds.*)

■ We have reviewed the pertinent legislation, and what legislative history is available to aid in the interpretation of Paragraph 4 of Section 15, and find nothing which would indicate that Congress intended Paragraph 4 to apply to reserve as well as non-reserve officers. We believe that the construction of the

statute by the Court of Claims is justified and should be followed by this Court.

It is therefore ordered that the plaintiff's motion for summary judgment be denied.

It is further ordered that defendant's motion for a summary judgment is granted, and judgment of dismissal of the complaint shall enter forthwith.