**William O. PERRY, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 149–70.**

United States Court of Appeals,
Tenth Circuit.

May 14, 1971.

**354**

Laird Campbell, Denver, Colo. (Byron G. Rogers, Jr. and William S. Jackson, of Wormwood, Wolvington, Renner & Dosh, Denver, Colo., were on the brief) for plaintiff-appellant.

J. F. Bishop, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., James L. Treece, U. S. Atty., Alan S. Rosenthal and Daniel M. Joseph, Attys., Dept. of Justice, Washington, D. C., were on the brief) for defendant-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

By complaint filed in the United States District Court for the District of Colorado, plaintiff Perry, a retired reserve Army officer, sought judgment against the United States for the difference between the amount of retirement pay actually paid to him and the amount asserted to have been due him under applicable statutes. Jurisdiction was premised under the Tucker Act, 28 U.S.C. § 1346, with waiver of any judgment exceeding the sum of $10,000. The cause was submitted to the district court upon agreed facts and with cross motions for summary judgment. The trial court granted the government's motion, 308 F. Supp. 245, and this appeal followed.

In presenting its motion in the trial court the United States urged three grounds in support of summary judgment: (a) lack of jurisdiction; (b) the bar of the statute of limitations; and (c) lack of legal merit in the alleged claim. The trial court rejected (a) and (b) and granted summary judgment solely on the merits. The United States makes no appellate claim beyond urging affirmance on the merits.

Colonel Perry retired from the United States Army on October 31, 1955, having served prior to November 12, 1918. The Army calculated his retirement pay pursuant to Title III of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1081, 1087. Using the special formula contained in that statute for computing the retirement pay of reserve officers and personnel (sections 302 and 303 of Title III, 62 Stat. 1081–1087) Perry's retirement pay was computed as 54.98 percent of his active duty pay. He contends that he should have received 75 percent of his active duty pay pursuant to a provision in section 15 of the Pay Readjustment Act of 1942, 37 U.S.C. § 115, 56 Stat. 359, 367–68. The cited section provides in pertinent part:

> The retired pay of any officer of any of the services mentioned in the title of this Act [Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service] who served in any capacity as a member of the Military or Naval Forces of the United States prior to November 12, 1918, hereafter retired under any provision of law, shall, unless such officer is entitled to retired pay of a higher grade, be 75 per centum of his active duty pay at the time of his retirement.

Placing great emphasis and almost complete reliance upon the repetitive use of the word "any" in the cited statute, Colonel Perry asserts the Army and the trial court both erred in interpreting the statute to be applicable only to the retirement pay of regular officers and thus inapplicable to him as a reserve officer. This issue, presented to us as one of first impression within the circuits, has nevertheless been repeatedly considered by the Court of Claims and decided adversely to plaintiff's contentions. Berry v. United States, 107 F.Supp. 849, 123 Ct.Cl. 530; Reynolds v. United States, 111 F.Supp. 881, 125 Ct.Cl. 108, cert. denied 346 U.S. 826, 74 S.Ct. 45, 98

L.Ed. 351; Abbott v. United States, 287 F.2d 573, 152 Ct.Cl. 798, cert. denied 368 U.S. 915, 82 S.Ct. 192, 7 L.Ed.2d 130; Guthrie v. United States, 174 Ct.Cl. 1284; Clark v. United States, 186 Ct.Cl. 950. (In the latter two cases, the Court of Claims dismissed petitions on the authority of *Abbott, Berry,* and *Reynolds.*)

We agree with the result and reasoning of the decisions of the Court of Claims. The portion of section 15 upon which Colonel Perry relies cannot be viewed in isolation and when projected within the totality of the Act and its legislative history completely negatives his contention that Congress intended no distinguishment between regular and reserve officers in the matter of retirement pay.

The judgment is affirmed.