John B. YARNALL
v.
The UNITED STATES.
No. 129–53.

United States Court of Claims.
March 1, 1955.

Calvin H. Childress, Arlington, Va., Fred W. Shields and King & King, Washington, D. C., on the briefs, for plaintiff.

John R. Franklin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff sues for retired pay equal to three-fourths of the active-duty pay of a commander in the United States Navy credited with the plaintiff's length of service, less retired pay already received, for the period from June 29, 1948, to date of judgment. Both parties have moved for summary judgment.

Plaintiff bases his action primarily on section 412(a) of the Officer Personnel Act, of 1947, 61 Stat. 874, 34 U.S.C.A. § 410n, which reads, in part:

"Sec. 412. (a) All officers of the Navy, Marine Corps, and the Reserve components thereof, who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired, except officers on a promotion list who may be retired for physical disability, shall, upon retirement, be placed upon the retired list with the rank of the next higher grade than that in which serving at the time of

retirement and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement and the grade in which serving at the time of retirement shall be construed to mean the highest grade in which so serving whether by virtue of permanent or temporary appointment therein: * * * *Provided further,* That the provisions of this subsection shall not apply in the case of any officer who has been so commended if the act or service justifying the commendation was performed after December 31, 1946: *Provided further,* That nothing in this subsection shall be construed to increase the retired pay of officers heretofore, or hereafter placed upon the honorary retired list for the Naval Reserve: *Provided further,* That officers of the classes described in this subsection who have been retired prior to the date of approval of this Act shall be entitled to the benefits of this subsection from the date of approval of this Act: *And provided further,* That nothing in this subsection shall be held to reduce the retired rank or pay to which an officer would be entitled under other provision of law."

Plaintiff is a naval reserve officer. The Navy awarded him the Navy Cross for combat service in World War I and officially found him eligible for the benefits of the above-quoted section.

Effective June 29, 1948, the Navy transferred plaintiff to the United States Naval Reserve Retired List, which was established under the Act of June 29, 1948, 62 Stat. 1081, 1087, 34 U.S.C.A. § 440h,[1] with the rank of captain but with retired pay based upon the rank of commander. Plaintiff had 31 years, 2 months, and 11 days satisfactory "Federal service" on the date of his retirement.[2] He had also accrued 4331 points creditable for computation of retired pay under the reserve officers retirement provisions of the act of 1948.

The Navy, however, proposed to pay plaintiff not on the point basis of the 1948 act but on the basis of three-fourths of his pay as commander in pursuance of section 412(a) of the act of 1947. To this the Comptroller General objected and the plaintiff now sues in this court to determine the question.

The plaintiff argues that he falls squarely within the definition of section 412(a) in that he is a retired member of a reserve component of the Navy. He contends, furthermore, that he is not within the excluding proviso dealing with the honorary retired list for the Naval Reserve. According to him there are at least two retired lists for Naval Reserves, one established under the Naval Reserve Act of 1938, 52 Stat. 1175, 1183, 34 U.S. C. § 855h, 1946 Ed.,* (honorary retired list for the Naval Reserve) and one under the 1948 act (United States Naval Reserve Retired List). He says only the men on the former are excluded from the benefits of section 412(a).

The Government replies that officers on both lists should be excluded from section 412(a) because there appears no good reason to accord different treatment to these groups of naval reserve officers. The Government also argues that the act of 1948 provides for a retirement

---

1. Section 301 (b) of the Act of June 29, 1948, provides: "The Secretary of the Navy is authorized to establish a United States Naval Reserve Retired List to include the names of all officers and enlisted personnel of the Naval and Marine Corps Reserves who are granted retired pay under the provisions of this title, the provisions of Public Law 305, Seventy-ninth Congress, or any law hereafter enacted to provide retired pay for such officers and enlisted personnel."

2. The act of 1948, 34 U.S.C.A. § 440m, defines "Federal service" to include "all active Federal service and all service in a reserve component other than active Federal service, or both, except * * *", with respect to Naval and Marine Reserves, service on the honorary retired list of the Naval and Marine Corps Reserves.

* Now 50 U.S.C.A. § 1052.

system for a certain class of service men entirely separate and distinct from the retirement provided for members of the armed forces generally. The 1947 act, it is said, was intended to apply to the retirement system of the armed forces generally and did not contemplate the passage of the 1948 reserve retirement system.

The issue, therefore, is whether plaintiff was "retired" within the meaning of section 412(a) of the 1947 act.

The legislative history throws little light on this subject.[3] Nor is an analysis of the words of the statute itself without difficulties. It grants some new rights as is evident from the provision that classes of persons who have been retired prior to the approval of the act should be entitled to the benefits of the act from the date of its approval. On the other hand, it prohibits additional benefits for anyone who is or may in the future be placed on the honorary retired list for the Naval Reserve. The Naval Reserve Act of 1938 provides that an officer be placed on this list upon attaining the age of 64, or upon his own request after 30 years of service in the Naval Reserve. The part of the Naval Reserve Act of

1938 dealing with the honorary retired list was repealed by section 803 of the Armed Forces Reserve Act of 1952, 66 Stat. 481, 505.

The United States Naval Reserve Retired List includes naval reservists who are drawing retirement pay under the act of 1948 or under certain prior and all subsequent legislation; by the act of April 14, 1949, 63 Stat. 47, 34 U.S.C.A. § 410b–1, it also includes the honorary retired list of the 1938 act. Congress lumped all these various types of retired naval reservists together with those drawing retirement benefits under the 1948 act. It used the word retirement when speaking of the benefits accruing under the 1948 act. Congress made no mention of section 412(a) of the 1947 act in the 1948 act.

In these circumstances it is logical to construe the word "retired" as used in the 1947 act to include also those who have been retired under the 1948 act. Hence the plaintiff is entitled to the three-fourths pay provision of section 412(a) of the 1947 act provided no other provisions of law stand in the way.

Defendant raises the question whether section 522(a) of the Career Compensa-

---

3. Section 412 (a) originated as an amendment suggested by the Senate Committee on Armed Services which was later accepted by both Houses. The original bill provided:

"Section 412. Notwithstanding any other provisions of law, officers of the Navy, Marine Corps, or the Reserve components thereof, who may hereafter be specially commended for the performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, shall not by virtue of such commendation upon retirement, be placed upon the retired list with any higher rank or grade than that in which serving at the time of retirement, nor shall any increase in pay be hereafter granted because of any such commendation: * * * [93–8 Cong.Rec. 10385].

Senate Report 609, 80th Cong. 1st Sess. explains the amendment as follows on pages 5 and 6:

"It will be noted that many changes have been made in the bill which the committee reported to the Senate. However, with a few exceptions hereinafter

set out, all of these changes reflect technical corrections or clarifying amendments, and do not change the substance of the bill as passed by the House."

The changes of substance are as follows: " * * * (d) Title IV of the bill was amended to make it clear that the repeal of the Navy's authority to advance officers on the retired roll who had received commendations for gallantry in action did not take away any rights which had been earned under the present law. The amendment, while lengthy, is largely of a clarifying nature and makes it clear that all officers, either Regular or Reserve, who have earned this right will be advanced when retired, based either on their temporary or permanent ranks, and when ordered back to active duty will be recalled in the rank to which advanced, with the exception that flag officers will come back in such higher rank at the discretion of the Secretary of the Navy. The section was further clarified to make sure that no increased retired pay be paid anyone by virtue of the provisions of this section."

tion Act of 1949, 63 Stat. 802,835, 34 U.S.C.A. § 410n, prevents plaintiff's recovery, at least in part, in that it deleted the three-fourths pay provision of the 1947 act. This repeal may defeat the rights of anyone retired after the effective date of the 1949 act, though we do not so decide, but section 511 of the Career Compensation Act, 63 Stat. 829, 37 U.S.C.A. § 311, would appear to save the plaintiff's right to recover. It provides:

"Sec. 511. On and after the effective date of this section (1) members of the uniformed services heretofore retired for reasons other than for physical disability, * * * shall be entitled to receive retired pay, retirement pay, retainer pay, or equivalent pay, in the amount whichever is the greater, computed by one of the following methods: (a) the monthly retired pay, retainer pay, or equivalent pay in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding the date of enactment of this Act, or * * *."

Section 102 of the Career Compensation Act of 1949, 63 Stat. 804, 37 U.S.C.A. § 231(a), defines uniformed services as follows:

"(a) The term 'uniformed services', unless otherwise qualified, shall be interpreted to mean and include the * * * Navy * * * and all Regular and Reserve components thereof."

On the date immediately preceding the enactment of the 1949 act plaintiff, having been retired and having been commended, as required by the 1947 act, was entitled to three-fourths pay of a commander under the authority of the law then in effect.

Nor do we think section 512 of the Career Compensation Act of 1949, 37 U.S.C.A. § 312, stands in plaintiff's way. That section reads, in part:

"Sec. 512. On and after the effective date of this section, any person who heretofore has been granted retired pay or who hereafter is granted retired pay pursuant to title III of the Act of June 29, 1948 (ch. 708, 62 Stat. 1087), shall have his retired pay computed as authorized by the aforesaid title III on the basis of the pay provided for in this Act * * *."

Section 511 which is set out above appears to negate whatever effect this section may have in relation to the plaintiff. Any doubt in the matter is resolved by section 519 of the act of 1949, 37 U.S.C.A. § 318, providing, in part:

"Sec. 519. Any member or former member of the uniformed services * * * who on the date of enactment of this Act, is receiving or is entitled to receive retired or retirement pay pursuant to any provision of law, shall, notwithstanding the provisions of this Act, be entitled to continue to receive or shall continue his entitlement to receive that retired or retirement pay which such member or former member is entitled to receive under any provision of law in effect on the day preceding date of enactment of this Act."

Plaintiff continues, therefore, to be entitled to retired pay as provided in the 1947 act despite the passage of the 1949 act.

Plaintiff's motion for summary judgment is granted and the defendant's motion is overruled. Entry of judgment is suspended to await the filing of a report from the General Accounting Office specifying the exact amount due.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.