Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff sues for retired pay equal to three-fourths of the active-duty pay of a commander in the United States Navy credited with the plaintiff’s length of service, less retired pay already received under the point system, for the period from December 10,1948, to date of judgment. Both parties have moved for summary judgment.
Plaintiff bases his action on section 412(a) of the Officer Personnel Act of August 7, 1947, 61 Stat. 874 (34 U.S.C. 410n (1952 ed.)), which reads, in part:
Sec. 412. (a) All officers of the Navy, Marine Corps, and the Eeserve components thereof, who have been specially commended for their performance of duty in actual combat by the head of the executive department under whose jurisdiction such duty was performed, when retired, except officers on a promotion list who may be retired for physical disability, shall, upon retirement, be placed upon the retired list with the rank of the next higher grade than that in which serving at the time of retirement and with three-fourths of the active-duty pay of the grade in which serving at the time of retirement and the grade in which serving at the time of retirement shall be construed to mean the highest grade in which so serving whether by virtue of permanent or temporary appointment therein: * * * Provided further, That the provisions of this subsection shall not apply in the case of any officer who has been so commended if the act or service justifying the commendation was performed after December 31,1946: Provided further, That nothing in this subsection shall be construed to increase the retired pay of officers heretofore or hereafter placed upon the honorary retired list for the Naval Eeserve: * * *
Plaintiff is a Naval Reserve officer, awarded the Distinguished Service Medal for combat service in World War I.
The Navy on April 1, 1941 transferred plaintiff to the honorary retired list of the Naval Reserve, without pay, pursuant to section 309 of the Naval Reserve Act of 1938, 52 Stat. 1183 (34 U.S.C. 855 (1952 ed.)), with a promotion from the rank of lieutenant commander to commander by *378 reason of Ms commendation. Subsequently, plaintiff was recalled to active duty in World War II and served from 1943 to 1945 in the rank of commander.
Effective December 10, 1948, the Navy transferred plaintiff from the honorary retired list to the United States Naval Reserve Retired List, which was established under the Act of June 29, 1948, 62 Stat. 1081, 1087 (34 U.S.C. 440h (1952 ed.)), with a promotion from commander to captain by reason of his World War I commendation pursuant to section 412(a) of the 1947 Act (the relevant portions of which are quoted above) but with retired pay based on the rank of commander.
Plaintiff contends that he comes within the terms of section 412(a) and is entitled to all the benefits that section provides; i.e., to the additional retired pay as well as to the increase in rank. He sues here for the retirement pay of “three-fourths of the active-duty pay of the grade in which serving at the time of retirement.”
This court has held in Yarnall v. United States, 131 Ct. Cl. 111, 129 F. Supp. 211 (1955), that a Naval Reserve officer transferred to the United States Naval Reserve Retired List established under the 1948 Act may avail himself of the benefits conferred by the 1947 Act, if he comes within the terms thereof. The word “retired” as used in section 412(a) of the 1947 Act, we held, includes those who are retired under the 1948 Act.
Plaintiff here, who was transferred to the Naval Reserve Retired List, does by virtue of his commendation come within the terms of section 412(a). Accordingly, he may recover in this action unless we conclude, as defendant contends, that he is barred because of his previous temporary presence on the honorary retired list under the terms of the third proviso, which reads, “Provided further, That nothing in this subsection shall be construed to increase the retired pay of officers heretofore or hereafter placed upon the honorary retired list for the Naval Reserve.”
We hold that he is not so barred. It is the status of being on the list, not the act of being placed thereon at some prior *379 time, which rnider this statute is controlling. The words, “heretofore or hereafter placed,” were employed to indicate that the proviso was intended to exclude equally all persons present on the list, whether they had been placed there prior or subsequent to enactment, not to indicate that it is the act of placement rather than actual continued presence which is significant.
The legislative history, as we observed in Yarnall v. United States, supra, throws little light on the interpretation of section 412(a). But it is unreasonable to suppose that the intent of the Congress was to confer the additional benefits that section provides on some retired Naval Reservists but to withhold those benefits from others, likewise recipients of commendations and likewise retired under the 1948 Act, simply because they, at some time in the past, had been temporarily on the honorary retired list (many of them, like plaintiff, without any pecuniary benefits at all). A statute should not be construed so as to provide such discrimination as this unless the wording is such that no other reasonable construction can be placed upon the language.
That it is unreasonable to attribute such intent and meaning to section 412(a) was recognized by the Comptroller General in his earlier decision B-93176 of April 26, 1950, 29 Comp. Gen. 424, denying the claim of Captain Yarnall, where he stated on page 426:
* * * were a conclusion to be reached opposite to that reached above, an anomalous situation would exist in that officers of the Naval Reserve granted retirement pay under Title III of the 1948 act who were specially commended for their performance of duty in actual combat would be entitled to retirement pay at the rate of three-fourths of the active-duty pay of the grade in which serving at the time of “retirement” unless they previously had been placed on the honorary retired list of the Naval Reserve, in which event they would not be entitled to such benefit. I think it safely may be concluded that the Congress would not so provide in the law * * *.
This court has since held that the Comptroller General was in error in regarding the additional benefits conferred *380 by section 412(a) as unavailable to those receiving retirement pay under the 1948 Act. But the quoted observation remains nonetheless apt. It quite correctly describes the unreasonableness in the meaning and intent which defendant’s interpretation of the proviso would attribute to section 412(a).
Nor does any literal reading of the proviso compel a conclusion contrary to that which we reach here. Statutes should be construed to give effect to the legislative intent. It is a cardinal rule of statutory construction that they are not to be interpreted to produce an unreasonable result. Church of the Holy Trinity v. United States, 143 U.S. 457 (1892);[1] United States v. Kirby, 74 U.S. 482 (1868).
Accordingly, plaintiff is not barred by the terms of the third proviso to section 412(a). His claim, however, is a continuing one, and that portion of it which relates to payments due prior to 6 years before commencement of this action on October 2, 1958, is time-barred.
Plaintiff’s motion for summary judgment is granted, with judgment to be entered for retirement pay due from October 2, 1952, less any amounts in retired pay plaintiff may have received since that date. Defendant’s cross-motion is overruled. The amount of recovery will be determined pursuant to Rule 38(c).
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on May 1, 1964, that judgment be entered for the plaintiff for $46,217.67.

 Mr. Justice Brewer, speaking for a unanimous Court, states on page 459 of that opinion:
“It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted, and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.”