GreeN, Judge,
delivered the opinion of the court:
The plaintiff, who is a Lieutenant in the United States Navy, brings this suit to recover rental and subsistence allowances which he claims are due him from the Government for the period from May 1, 1932, to November 24, 1933.
The defendant now concedes that the evidence shows that the plaintiff had a dependent mother during the period covered by his claim, and there is no dispute as to the other material facts in the case. The controversy is as to the amount due the plaintiff.
Part of the period involved as shown by the findings the plaintiff was assigned and occupied a room in the bachelor quarters of the Government. This room was provided with bath and was located at the Naval Air Station at Coronado, California. Plaintiff’s mother did not at any time during the period involved occupy Government quarters.
During the time that plaintiff was neither assigned to public quarters nor on sea duty, plaintiff was paid the rental allowance of an officer of his status without dependents. During the period of May 1, 1932, to December 24, 1933, plaintiff was paid the subsistence allowance of an officer of his status without dependents. Plaintiff claims to be entitled to the full allowance for the period involved and seeks to recover the balance due bim accordingly.
Plaintiff bases his claim to full rental allowance under provisions of section 2 of the Act of May 31, 1924, 43 Stat. 250, amending section 6 of the Act of June 10, 1922. This *722 statute has been reenacted in the United States Code but no change has been made in the wording thereof although the sections have been renumbered so that section 6 has now become section 10.
The determination of the case depends upon the construction given to that portion of the Act which reads as follows:
Sec. 2. That section 6 of said Act be, and the same is hereby, amended to read as follows:
Seo. 6. Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active-duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *
No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.
The last paragraph quoted above is the fourth paragraph of section 6.
This court has in many decisions with reference to allowances made to Naval officers announced principles which are inconsistent with the construction of the statute contended for by plaintiff, and which would deny him a full allowance under the circumstances shown in the findings.
The court is now, however, informed for the first time that the Comptroller General’s Office has uniformly and continuously held, ever since the amendment of the statute in 1924, that an officer with dependents on sea duty who is not given any quarters for his dependents is entitled to the full rental allowance, evidently because a berth in a cabin on shipboard was not regarded as quarters. This ruling passed directly on the allowance of an officer having dependents when on sea duty. The nature of the case is such that it *723 must have arisen on very numerous occasions since, and a large number of officers paid accordingly. The rule is so well established that the long continued practice of administrative officials who were called upon to administer the Act (especially when in the meantime, it has been reenacted) is evidence of its proper construction and acquiescence by the legislative body therein, that we need to make no citation of authorities.
While this rule is not in accord with principles laid down by this court in prior decisions with reference to allowances to Naval officers, this court has never passed upon the precise point here involved nor even considered the effect of the amendments made by the Act of 1924.
We are therefore of the opinion that the administrative practice must prevail and plaintiff given the full allowance during the period he was on sea duty.
The determination of what plaintiff’s allowance should be during the period when he occupied Government quarters presents a very different question. The plaintiff claims he is entitled to the full allowance for this period also. It is obvious that such a ruling would give him five rooms, one of which he occupied, and four for which he would be paid; but such a holding would be in direct conflict with the provisions of the statute which fixed the number of rooms to which he was entitled at four and we must construe the statute as a whole. The portion of the statute upon which plaintiff relies we think is ambiguous and not clear in its meaning when considered in connection with the other provisions.
Under such circumstances, a reasonable construction should be given to the statute and we do not think it could have been intended by Congress that an officer should be given a room which he occupies, and at the same time be paid for it, especially when such a holding would conflict with other provisions of the statute.
We therefore conclude that this part of the case should be decided in conformity with our opinions previously rendered and that the plaintiff should be charged with the room he occupied in Government quarters for the period of such occupancy and reimbursed for the three rooms to which he *724 was otherwise entitled, all at the monetary value fixed by presidential order. While the rule applied may not work out with perfect equity in all cases, we think that it is the fairest that can be made.
Entry of judgment will be deferred until the incoming of a report from the General Accounting Office showing the balance due plaintiff computed in accordance with the findings and this opinion. When this is determined, judgment will be rendered in plaintiff’s favor accordingly.
Whalet, C/Mef Justice, concurs.