Whitakee, Judge,
delivered the opinion of the court:
This is a suit to recover the rental allowance to which plaintiff alleges he is entitled on account of his dependent mother. The proof shows that she was dependent, and that plaintiff was her chief support, and he is therefore entitled to the allowance. The only question presented is whether or not there should be deducted therefrom the value of one room occupied by him in the officers’ barracks.
In Ageton v. United States, 95 C. Cls., 718, the majority of the court held such deduction should be made.
*265 Since I was counsel for the defendant in that case by virtue of my former office as Assistant Attorney General, I did not participate in that decision. Judge Green, retired but recalled to active service, wrote the opinion for the court, in which the Chief Justice concurred.. Judge Jones wrote a separate concurring opinion and Judges Madden and Little-ton dissented. For the first time the question is presented in a case in which I am qualified to participate.
I am of the opinion that the plaintiff is entitled to the full number of rooms given him by statute, without any deduction for the one occupied by him. The language of the statute is unusually plain and explicit. The first paragraph of section 6 of the Act of June 10, 1922, as amended by section 2 of the Act of May 31, 1924, 43 Stat. 250, reads as follows:
Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the title of this Act, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. * * * '
That is explicit language — “Except as otherwise provided in the fourth paragraph of this section, each commissioned officer * * * shall be entitled at all times to a money allowance for rental of quarters.”
What are the exceptions mentioned in the fourth paragraph referred to? They are (1) an officer without dependents on field or sea duty; and (2) an officer with or without dependents to whom there “is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank * * These are the only two exceptions. Plaintiff here comes within neither of them; he is not an officer without dependents, and he is not one with dependents to whom the number of rooms provided by law had been assigned.
The first paragraph provided that he “shall” be entitled to a money allowance for rental of quarters unless he came within one of these two exceptions. Since he did not come within them, he is entitled to the money allowance.
*266 The intermediate paragraphs set out the number of rooms or the money allowance therefor to which plaintiff is entitled. Nowhere in the Act is it provided that the number of rooms or the money allowance therefor shall be reduced by the number of or the value of any Government quarters occupied by plaintiff. If Congress intended to make this deduction, it omitted to do so; but, on the contrary, it explicitly said that he was entitled to the money allowance provided for, with only two exceptions, within neither of which plaintiff comes. This court is without authority to make another exception, especially in view of the plain and unequivocal language that the plaintiff “shall be entitled at all times” to the money allowance specified.
There is not the slightest ambiguity in the language. There is, therefore, little warrant for resorting to the committee reports, but it is interesting to observe that the Committee on Military Affairs of the House of Representatives said that the legislation providing for rental allowance of officers had been much improved “by including and combining all the exclusionary provisions affecting rental allowance in a single paragraph.” It further says that the section contains “the express grant of rental allowance, certain and unconditional in nature except as conditioned by aforesaid exclusionary provisions of the fourth paragraph.” (Italics ours.) Finally, the committee says that the effect of the provision is to secure “to all officers drawing pay-period pay the corresponding rental allowance which the second section creates and which ceases to accrue only in the circumstances specified in the fourth paragraph thereof.” II. R. No. 236, 68th Cong., 1st Sess.
It was the committee’s purpose, it said, “to make clear the import and uniform the application” of the law relating to money allowance for rental of quarters. It seems to me that it undoubtedly did so, and that it left no room for so-called construction, and that it precludes this court from adding an exception to those specified by Congress or from deducting from the money allowance to which Congress said an officer “shall be entitled” any sum whatever. See Judge Madden’s able dissenting opinion in Ageton v. United States, 95 C. Cls. 718, 724.
*267 Judge Jones in his concurring opinion in the Ageton case concurs in the result because he thinks that “the value of the one room actually assigned and used should be treated as a partial allotment or part payment of the statutory obligation.” But Congress has made no provision for a partial allotment, except in a case not pertinent here, and in the absence of a full allotment it has made provision for payment only in money. The officer, Congress says, “shall be entitled at all times to a money allowance for rental of quarters.” That allowance was fixed at approximately $20 a room for the number of rooms to which he was entitled. No provision was made for any deduction therefrom. If it thought of a case such as this one, it did nothing about it. Whether or not it did think about it, we do not know, and, if it did not, what it would have done if it had, we do not know. But we do know that Congress thought that it was making an “express grant of rental allowance, certain and unconditional in nature except as conditioned by aforesaid exclusionary provisions of the fourth paragraph.”
Ageton v. United States, 95 C. Cls. 718, is overruled.
Plaintiff is entitled to recover the full money allowance provided for by law from September 14, 1936, to September 13,1937, both inclusive.
Entry of judgment will be suspended pending the filing of a report from the General Accounting Office showing the amount due in accordance with this opinion.
It is so ordered.
Madden, Judge/ and Littleton, Judge, concur.
Jones, Judge; and Whaley, Chief Justice, dissent.
In accordance with the above opinion and upon report from the General Accounting Office showing the amount due thereunder to be $1,179.00, and upon plaintiff’s motion for judgment, it was ordered April 5, 1943, that judgment for the plaintiff be entered in the sum of $1,179.00.