*303 The court decided that the plaintiff was entitled to recover, in an opinion yer curiam, as follows:
Plaintiff, a commissioned officer in the United States Navy, sues to recover additional amounts which, he claims, he should have been paid as rental and subsistence allowances because his mother was dependent upon him for her chief support. Plaintiff’s claim is based upon the Act of June 10, 1922 (42 Stat. 625), as amended by Section 2 of the Act of May 31, 1924 (43 Stat. 250), and the Pay Readjustment Act of June 16, 1942, Public Law 607, Chapter 413, 77th Congress, 2d Session, Sections 4 and 6. We have found that plaintiff’s mother was dependent upon him, within the meaning of the applicable statutes, so his allowances should have been computed upon that basis. He was paid the allowances of an officer without dependents for all of the period of his service, except the period during which he was assigned to duty on board the U. S. S. Monocacy. The amounts so paid should be deducted .from the amounts which plaintiff, as an *304 officer with dependents, should have been paid. No deduction should be made for the time during which plaintiff served on the Monocacy, as plaintiff should have been paid his full allowances for this period as well as for the period during which he had no public quarters. Nor should any deduction be made for any of the public quarters which he occupied at any time, as they were not adequate for an officer with a dependent mother. Mumma v. United States, 99 C. Cls. 261.
Plaintiff is entitled to recover the difference between the amount already paid him for rental and subsistence allowances and the amount which should have been paid to an officer with a dependent mother. Entry of judgment will be suspended pending the filing of a report from the General Accounting Office showing the amount due plaintiff at the date of this decision.
In accordance with the above opinion and upon report from the General Accounting Office showing the amount due thereunder to be $5,350.48, and upon plaintiff’s motion for judgment, it was ordered January 3,1944, that judgment for the plaintiff be entered in the sum of $5,350.48.