Littleton, Judge,
delivered the opinion of the court:
The evidence is sufficient to show, and we have found as a fact, that since May 26, 1941, plaintiff’s mother has been dependent upon him for her chief support. Plaintiff was paid rental and subsistence allowances as provided by law for the month of May 1941. His present claim begins on June 1, 1941.
The next question is whether plaintiff is entitled to recover the statutory money allowance for quarters on the ground that the quarters assigned to him during the period from June 1, 1941, to April 21, 1942, were not adequate quarters for an officer of his rank with a dependent mother. Plaintiff has not been assigned nor has he occupied government quarters since the last-mentioned date.
The facts show that from June 1 to June 23, 1941, plaintiff was assigned two rooms as quarters in a temporary frame building, known as T-28, at the Air Base at Tucson, Arizona. These were bachelor quarters furnished with one iron cot, a mattress, pillow, and two iron folding chairs. Plaintiff did not occupy the quarters so assigned because he was advised that it would be unwise and might jeopardize *431 bis claim for a dependency allowance on account of his mother, and for the further reason that the quarters were not clean. From June 24 to July 19, 1941, plaintiff occupied one room (furnished as stated, in building T-28), at Edgewood Arsenal, Md., furnished like the rooms at Tucson.
From December 23, 1941, to January 24, 1942, he lived at Muroc Bombing and Gunnery Range, Muroc, California, in a pyramidal tent which had a wooden floor, field cots, a stove, but no chairs. He shared the tent, at times, with two, and sometimes three, officers. January 24 to March 1, 1942, plaintiff was assigned and occupied bachelor-officer quarters consisting of two rooms in a building of the type above mentioned at March Field, 'California, and from March 1 to April 21, 1942, he was assigned and occupied two rooms with another officer at the same post. None of the quarters assigned to plaintiff was adequate for occupancy by plaintiff and his dependent, and his dependent mother has never been furnished or occupied government quarters.
Plaintiff was a bachelor officer having a dependent mother and held the rank of 2d lieutenant and received the base pay of the first pay period.
We are of opinion that plaintiff is entitled to recover the claimed money allowances for rental and subsistence provided by law for an officer of his rank with a dependent mother for the period June 1, 1941, to June 1, 1942, under the act of June 10, 1922, as amended by the act of May 31, 1924, 43 Stat. 250, 251, and the regulations issued thereunder by the President, and is entitled to recover such allowances subsequent to June 1, 1942, under the act of June 16, 1942, 56 Stat. 359. See Donald K. Mumma v. United States, 99 C. Cls. 261, decided February 1, 1943.
Section 6 of the act of June 10, 1922, as amended by the act of May 31, 1924, supra, provided that —
Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, * * * while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. * * *
*432 To an officer having a dependent, receiving the base pay of the first period, the amount of this allowance shall be equal to that for two rooms, * _ * *.
_ An officer having no dependent, receiving the base pay of the first or second period, shall receive the allowance for two rooms, * * *.
Paragraph 4 of section 6, first above referred to, provided as follows:
No rental allowance shall accrue to an officer having no dependents while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.
The regulations issued by the President provided that “every officer permanently stationed at a post, yard, or station where public quarters are available will be assigned thereat, as quarters, the number of rooms prescribed by law for an officer of his rank, or a less number of rooms determined by competent superior authority, in accordance with regulations of the department concerned, to be adequate in the particular case for the occupancy of the officer and his dependents, if any; * *
Counsel for defendant argues that plaintiff cannot recover rental and subsistence allowances under Section 6 of the Act of May 31, 1924, for the period during which he was assigned two rooms in bachelor-officers quarters, as set forth in the findings, for the reason that “section 6 also prohibits the payment of rental allowance to an officer with or without dependents when he is assigned as quarters at his permanent station the number of rooms authorized by law.” We do not think the question whether the plaintiff is entitled under the statute to rental allowance during the periods he was furnished bachelor quarters of two rooms provided by law for an officer of his rank with or without a dependent is disposed of so easily. We are of opinion that paragraph 4 of section 6 of the act of June 10,1922, as amended by the act *433 of May 31, 1924, above quoted, and the regulations issued by the President and the Secretary of War, contemplated and provided that the quarters furnished should be adequate for the occupancy of the officer and his dependent, or dependents. The statute provides that an officer having a dependent, receiving the base pay of the first period, shall, except as provided in paragraph 4, receive an allowance equal to that of two rooms and, also, that an officer having no dependent, receiving the base pay of the first or second period, shall receive an allowance equal to that for two rooms. It seems clear that the statute intended that an officer having a dependent should either receive the money-rental allowance or be furnished quarters of the number of rooms provided by law adequate for occupancy Toy himself and his dependent. It is admitted by defendant in this case that the two-room quarters furnished plaintiff during certain portions of the period of the claim were quarters provided and intended only for use by bachelor officers without dependents and that they were not adequate for occupancy by plaintiff and his dependent mother. Moreover, paragraph 4 of section 6, above quoted, specifically makes reference to the fact of the adequacy of quarters for occupancy of the officer and his dependents when a less number of rooms, than as otherwise provided by statute, are assigned. If, as the statute clearly states, quarters consisting of a less number of rooms than is provided in the second paragraph of section 6 must be adequate for the occupancy of the officer and his dependents, certainly it was intended that the two rooms provided by the second paragraph of section 6 for an officer having a dependent must also be adequate for the occupancy of himself and his dependent.
Paragraph II of Executive Order 4068 of August 13,1924, issued under the act of May 31, 1924, provided: “Assignment of quarters. — (a). The assignment of quarters to an officer shall consist of the designation in accordance with regulations of the Department concerned of quarters controlled by the government for occupancy without charge Toy the officer and Ms dependents, if any.'' [Italics supplied.] See Army Regulations 210-70, August 20, 1934, paragraphs bj (4) andbl (1) and (2).
*434 As to the portion of the claim for rental allowance from June 1, 1942, to date of judgment, plaintiff is entitled to recover the amount fixed in section 6 of the act of June 16, 1942, 56 Stat. 859, 361, which repealed the act of June 10, 1922, effective June 1, 1942. Section 6 of the 1942 act provided for the payment of a lump sum as a rental allowance, depending upon the base pay the officer is receiving, instead of the monetary value of $20 a month for each room to which the officer was entitled under the 1922 act. It fixes the rental allowance of an officer having a dependent and receiving the base pay of the first period at $60 a month. This section also provides that an officer, although furnished with quarters, shall be entitled to a rental allowance as authorized if, by reason of orders from competent authority, the dependents are prevented from occupying such quarters.
Judgment in favor of plaintiff will be entered upon the filing of a report from the General Accounting Office showing the exact amount due in accordance with the foregoing opinion.
Madden, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.
In accordance with the above opinion and upon a report from the General Accounting Office showing the amount due thereunder to be $1,981.87, and upon plaintiff’s motion for judgment, it was ordered April 3, 1944, that judgment for the plaintiff be entered in the sum of $1,981.87.