**O. D. WEED, Jr.,**
v.
**UNITED STATES.**
No. 241–53.

United States Court of Claims.
Jan. 15, 1958.

Calvin H. Childress, Washington, D. C., for plaintiff. Fred W. Shields, Washington, D. C., was on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen., George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff sues for his per diem allowance, called a "station allowance", in lieu of actual expenses for quarters, subsistence and incidental expenses, allowed

officers of the Coast Guard stationed in Alaska.

The parties agree there were no messing facilities at plaintiff's station. This fact, alone, might be considered sufficient to entitle plaintiff to the allowance, but the parties in their arguments assume that the determination of the controversy turns on whether or not plaintiff occupied Government quarters. The regulations provide that the station allowance is payable "only where Government quarters and/or Government messes are not available." Paragraph 6(5), Coast Guard Finance and Supply Circular No. 23–47, dated July 25, 1947, issued pursuant to Executive Order 9871, Part II, 12 F.R. 4531, 4534, U.S.Code Cong. Service, 1947, p. 2034.

Plaintiff was stationed at an island off the coast of Alaska, called Annette Island, so insignificant as not to be listed in Rand-McNally's Cosmopolitan Atlas of the world. He was ordered to duty there on or about June 27, 1947, by the Commandant of the Coast Guard as the commanding officer of the Air Detachment stationed there.

The Coast Guard regularly maintained no permanent station on Annette Island, and provided no quarters for officers stationed there. However, on the island there were some quonset huts which had been occupied by civilian employees of the Civil Aeronautics Administration, but which had been abandoned upon their departure some time before plaintiff's arrival. It is indicated that they were the only structures on the island that could be made fit for habitation by a civilized human being. Some effort was made to get the Coast Guard to take them over and fix them up for occupancy, but without success. Plaintiff, then, at his own expense, put them in condition so they could be occupied by himself and his wife.

Defendant says, in defense to plaintiff's claim, that he is entitled to a station allowance only if he did not occupy Government quarters, and that, since the quarters occupied by plaintiff were Government quarters, he is not entitled to the allowance.

■ They were Government quarters, it is true, but they were not Government quarters furnished by the Coast Guard for the use of its officers. The Coast Guard would have nothing to do with them. In reply to communications from the Commandant of the Thirteenth Coast Guard District, which embraced Annette Island, the Assistant Commandant of the Coast Guard wrote him on October 19, 1948, as follows:

"2. Headquarters recognizes the fact that duty at the subject station does involve hardships in so far as quarters for dependents are concerned. However, in view of the many ramifications attendant, the physical state of the subject quarters, plus the fact that the Air Facility, Annette Island, can in no way be deemed permanent, HQ has concluded that it is inadvisable to embark on any plan which would place the subject quarters under Coast Guard jurisdiction, which would in turn require the expenditure of funds."

The reference to Government quarters, in the regulations prescribing entitlement to per diem allowance, means Government quarters furnished by the Coast Guard for the use of its officers. It does not mean some abandoned shack which the officer in his spare time fixes up because there was nothing else available.

■ By no positive act were any quarters at all furnished this officer; none were made available to him. But, even if they had been, it would appear that what was furnished was by no means adequate, and we have many times held that if adequate quarters are not furnished, the officer is entitled to a rental allowance. See e. g., True v. United States, 69 F. Supp. 128, 107 Ct.Cl. 662; Doyle v. United States, 101 Ct.Cl. 491; Brown v. United States, 101 Ct.Cl. 427. By the same token, an officer is entitled to a station

allowance if the quarters are not adequate.

It may be that the Government would be entitled to some deduction from plaintiff's station allowance for the rental value of the Government-owned quonset hut occupied by him, but this value seems to be inconsequential, and for the purposes of this motion may be disregarded.

Plaintiff's motion is granted. He is entitled to recover. Entry of judgment will be entered to that effect. The amount of the judgment will be determined in further proceedings pursuant to Rule 38(c), 28 U.S.C.A.

Defendant's motion is denied.

It is so ordered.

REED, Justice (Retired), sitting by designation, JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.