Laramore, Judge,
delivered the opinion of the court:
Plaintiff seeks reimbursement of an amount of compensation paid to him in 1959 by the Veterans Administration, under section 29 of the Act of August 10, 1956, 70A Stat. 682, which amended the Armed Forces Reserve Act of 1952, 66 Stat. 481, 506, for civilian pay for military leave for the years 1953 and 1954, when he was on extended military service. The sum claimed was paid plantiff by the Veterans Administration and then recouped in 1960 as an erroneous payment.
The case arises on cross-motions for summary judgment, and the sole question presented is whether the statutes providing for the saving of civilian pay not to exceed 15 days in any calendar year to Government employees who are members of the Reserve components of the Armed Forces, when they are on active duty, comprehend such payment for each year the reservist is on continuous general military service.
The facts are these: Plaintiff, an attorney with the Veterans Administration both at the time he entered general military service and now, has been a member of the TJ.S'. Naval Reserve since November 6,1940.
On August 29, 1950, basic naval orders were issued to plaintiff for active duty. On October 26, 1950, plaintiff was separated from his civilian employment in order to be inducted into the military service on November 3,1950. Plaintiff’s orders included temporary active duty for qualifying physical examination, and, upon a finding that he was physically qualified, a period of temporary active duty under instruction at the Naval School of Justice, Newport, Rhode Island, beginning November 3,1950 (the date his separation papers noted he was to be inducted), at the completion of which he was to report to the Judge Advocate General, Navy Department, Washington, D.C., for active duty. The course of instruction provided for in plaintiff’s orders to active duty was completed on December 22, 1950, when he was detached therefrom and ordered to comply with basic orders. Plaintiff served on such active duty until October 5, 1954, and returned to his civilian employment on November 16, 1954.
*9 On November 21, 1958, plaintiff made claim to tbe Veterans Administration for payment for military leave for the calendar years 1951, 1952, 1958 and 1954, and it was determined by the Veterans Administration that he was entitled to payment for the years 1953 and 1954 on the basis of certain Comptroller General decisions. Payment was made therefor on January 28,1959.
On January 14, 1960, plaintiff made an additional claim to the Veterans Administration for military leave for the year 1950 on the authority of a statement in Comptroller General Decision 13-134171, 37 Comp. Gen. 313, 314, for the period of active duty “under instruction” included in his original active duty orders. The Veterans Administration Regional Office considered this claim a doubtful one and submitted it to its Central Office, Washing-ton, D.C., for decision, which office determined that plaintiff was entitled to this payment, “if otherwise proper,” but that payment for the years 1953 and 1954 was erroneous and recoupment was in order. Plaintiff was so advised on August 25, 1960, was further advised that the claim allowance for 1950 would be applied to the indebtedness, and was requested to indicate how he wished to liquidate the balance of the indebtedness.
As no reply had been received to the Veterans Administration letter of August 25, 1960, by September 19, 1960, he was advised on that date that action was being taken to withhold the balance due from his salary. The following day plaintiff formally protested the deduction, and reply was made by the Veterans Administration on September 21,1960.
On September 24, 1960, plaintiff submitted his claim to the Comptroller General who held, under Settlement Certificate Z1794280, dated November 1, 1960, that an employee may not be granted an excess of 15 days’ military leave of absence with pay for any one authorized period of training duty, whether it extends into one or more calendar years, and denied plaintiff’s claim. Petition was filed in this court on December 30, 1960, claiming recovery of the amount withheld by the Veterans Administration in 1960 for military leave for the years 1953 and 1954.
Plaintiff has not given the court the benefit of a brief respecting his motion for summary judgment and has cited *10 no statute as the basis of his claim. Therefore, we assume that the basis of his claim is that set forth in his letter to the Comptroller General wherein he recited in effect that because the Act of August 10, 1956 provides for leave of absence from one’s civilian duties without loss of pay to each reservist of the Armed Forces for each day in which he is on active duty, but not more than 15 days in any calendar year, he is therefore entitled to such payment for each calendar year he was on extended active military service.
The Act of August 10, 1956, supra,, does not apply to plaintiff. His 4-year tour of military service had been completed. He had resumed and was pursuing his civilian career for almost two years before that act was passed. However, plaintiff’s reliance on the 1956 Act rather than the effective Act, Armed Forces Eeserve Act of 1952, supra, is of no consequence in that the 1956 Act merely restated a right already in existence. 37 Comp. Gen. 608, 609. The basic statute affecting plaintiff’s claim, therefore, is the Act of July 9, 1952, supra, which amended the Act of May 12, 1917, 40 Stat. 40, 72, and provided in pertinent part:
* * * all officers and employees of the United States or of the District of Columbia who shall be members of the Officers’ Eeserve Corps shall be entitled to leave of absence from their respective duties, without loss of pay, time, or efficiency rating, on all days during which they shall be ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed 15 days in any one calendar year.
The Act of July 9, 1952, supra, amended the Act of May 12,1917, by striking out the words “Officers’ Eeserve Corps or Enlisted Eeserve Corps” wherever they appear therein and by inserting in lieu thereof the words “reserve components of the Armed Forces” and by inserting in the third paragraph after the word “ordered” where it first appears the words “to active duty for training, or active duty, or.” Thus the Act of July 9,1952, is amended to read as follows:
* * * all officers and employees of the United States or of the District of Columbia who shall be members of the reserve components of the Armed Forces shall be entitled to leave of absence from their respective duties, without loss of pay, time, or efficiency rating, on all days *11 during which, they shall be ordered to active duty for training, or active duty, or to duty with troops or at field exercises, or for instruction, for periods not to exceed 15 days in any one calendar year.
In respect to the application of the various statutes, i.e., the Act of May 12,, 1917, supra, the Act of July 9, 1952, supra, and the Act' of August 10,1956, supra, the Comptroller General has always ruled and still does, that a maximum of 15 days’ military leave of absence with pay is authorized but does not comprehend payment for 15 days for each year of continuous active duty service. In other words, in the language of the Comptroller General contained in his letter of November 1,1960, to plaintiff:
As your period of military service extended from October 28, 1950 to October 5, 1954 — one continuous period of less than four years — there is no authority in law for allowing more than one 15-day period of military leave for this service.
The Comptroller General’s rulings are all in accord with the intent of Congress, i.e., that the saving of civilian pay statutes are all meant to include only the type of training often referred to as “summer camp” or “summer cruise.” The statutes were not designed to include 15 days’ pay for each year when on extended active duty.
Senate Eeport No. 1795,[1] June 19, 1952, to accompany H.E,. 5426, which became the Armed Forces Eeserve Act of 1952, states:
The bill provides that individuals who are in active status may be ordered to perform not to exceed 15 days of active duty training annually. This liability runs to individuals not assigned to a unit, as well as to those assigned to units. This is the type of training often referred to as “summer camp” or “summer cruise.”
An example of what plaintiff’s interpretation could lead to is this: A reservist who served in the Korean conflict would also be entitled to the 15-day civilian pay for each of the years he was in service. Likewise, should the prospect of another international holocaust eventuate, each reservist would be entitled to payment for 15 days for each year he *12 served in the Armed Forces. This clearly was not the intent of Congress when it passed the Armed Forces Reserve Act of 1952, sufra.
It is a firmly established principle of law that administrative interpretations of statutes, consistently followed by the agencies charged with their administration, and not expressly changed by Congress, are entitled to great weight. Billings v. Truesdell, 821 U.S. 542; United States v. Bergh, 852 U.S. 40; Hevenor v. United States, 121 Ct. Cl. 77; Luna v. United States, 124 Ct. Cl. 52.
It has also been held by this court that repeated enactment of an act that has been construed by the department charged with its enforcement, evidences congressional sanction of the construction the department has placed upon it. Ware Knitters, Inc. v. United States, 144 Ct. Cl. 141, 147.
Plaintiff was paid for one 15-day period and that is all that is due him. The Veterans Administration’s action in recovering the erroneous payment to plaintiff was in all respects legal, proper, and not arbitrary or capricious. Consequently, plaintiff is not entitled to recover in this action.
Defendant’s motion for summary judgment is granted, and plaintiff’s motion is denied. Plaintiff’s petition is dismissed.
It is so ordered.
Dureee, Judge; Whitaker, Judge; and JoNes, Ohief Judge, concur.

 U.S. Code Cong. & Ad. News, Vol. 2, p. 2008 (1952), 82d Cong., 2d sess.