Skelton, Judge,
delivered the opinion of the court:
In this case, the plaintiff, Joseph J. Malandra, seeks to recover back pay and allowances and restitution of all benefits as a Begular Air Force officer on the grounds that his discharge from the Air Force by the Secretary of the Air Force on January 22, 1968, was illegal. The facts on which the suit is based are as follows.
Plaintiff enlisted in the United States Air Force on January 10, 1958, and was honorably' discharged on May 12, 1961. He reenlisted in the Air Force on April 6,1961, and was commissioned as a second lieutenant, Keserve Air Force, on July 1,1964. On June 16,1965, he was commissioned as a second lieutenant, Begular Air Force, to rank as such from the first day of July 1964.
Before the plaintiff had completed three years of continuous service as a probationary Regular Air Force officer, his major air commander informed Headquarters, United States Air Force on June 24, 1967, that plaintiff was not qualified for promotion to first lieutenant of the Regular Air Force. His vice commander in chief concurred in this recommendation on June 30, 1967. The Air Force Officer Personnel Records Beview Board reviewed plaintiff’s record, and on *14 August 27,1967, recommended that plaintiff not be promoted. The Air Force Personnel Review Board reviewed the case on December 8,1967, and found that plaintiff was not qualified for promotion to the permanent grade of first lieutenant in the Regular Air Force and recommended that plaintiff’s promotion be denied and that he be discharged and awarded an honorable discharge at the earliest practicable date. The Secretary of the Air Force made the same determination on December 18, 1967. Accordingly, plaintiff was notified on January 9, 1968, that he would be discharged not later than June 14,1968, unless he requested an earlier discharge of the Personnel Center. The plaintiff requested that he be discharged on January 22, 1968, so he could register in a law school, and if this could not be done, then on May 31, 1968. In accordance with his request, he was honorably discharged from the Regular Air Force effective January 22, 1968. On October 20, 1969, plaintiff filed an application with the Air Force Board for Correction of Military Records to have his records corrected so as to show his discharge was wrongful and to award him back pay. The correction board denied plaintiff’s request on the grounds that his discharge was proper under the existing laws and regulations. Thereafter, plaintiff filed this suit.
Both plaintiff and defendant agree that the following statutes and regulations are involved in this case:

Statutes Involved

10 U.S.C. § 8296 (1964) provides, in pertinent part:
§ 8296. Promotion lists: promotion-list officer defined; * * *
(a) The names of all commissioned officers in grades below brigadier general on the active list of the Regular Air Force, * * * shall be carried on promotion lists in descending order of grade and rank in the Regular Air Force. * * * Officers whose names are carried on a promotion list may be called “promotion-list officers”.
10 U.S.C. § 8298 (1964) provides, in pertinent part:
§ 8298. Commissioned officers: promotion to first lieutenant ; effect of failure of promotion.
(a) A promotion-list officer in the grade of second lieutenant shall be promoted to the regular grade of first lieutenant upon completing three years of service with which he is entitled to be credited for promotion. If *15 a promotion-list officer in that grade is found to be not fully qualified, he shall be discharged under section 8814 of this title.
10 U.S.C. § 8814 (1964) provides, in pertinent part:
o CO p m P CO § - „ B 5 <8 co'tP'cs E2.P ^ 2 “ g § ro 1£ ■a ® Bi Q TO * £ £ TO •“$ < S3. SB. cB - 2 & £ >-j {3 H ^ 4f w G> >•$ *|c8.g. pi TO CD Hj g cd , o n. 3 o P'
10 U.S.C. .§ 8287 (1964) provides, m pertinent part:
§ 8287. Commissioned officers: original appointment; service credit.
(a) For tbe purpose of determining grade, position on a promotion list, seniority in bis grade in tbe Regular Air Force, and eligibility for promotion, a person originally appointed in a commissioned grade in tbe Regular Air Force, * * * shall be credited, at tbe time of bis appointment—
(1) with the active commissioned service in tbe armed forces that he performed after becoming 21 years of age and before bis appointment;
& ❖ ❖ # *

Regulations Involved

Air Force Regulation No. 36-12, August 1, 1963, provides, in pertinent part:
SECTION A — GENERAL
1. Authority for Separation. Authority for tbe separation of officers is contained in various laws and in policies announced by tbe Secretary of the Air Force or by higher authority, when appropriate. * * * This regulation implemento current laws and policies, establishes procedures, and constitutes authority for administratively effecting the separation of officers under the conditions and for the reasons outlined herein. * * *
2. Definitions. For the purpose of this regulation the following definitions apply unless the context of the regulation indicates otherwise:
$ ‡ ‡ ‡
e. Probationary Officer.
(1) Regular Commissioned Officer. A Regular commissioned officer who has completed less than *16 8 years of continuous service after accepting original appointment as a Regular Air Force officer.
*1» H* *}»
32. Second Lieutenants Not Qualified for Promotion (SDN51B):
a.A Regular second lieutenant who is considered for promotion under AFR 36-11 and is found not fully qualified for promotion will be honorably discharged prior to that date on which he ceases to be a probationary officer (see paragraph 2e).
Air Force Regulation No. 36-11, August 9,1963, provides in pertinent part:
1. When Officer Is Eligible. A second lieutenant is promoted on Department of the Air Force special orders to the grade of first lieutenant in the Regular Air Force upon completing three years of promotion list service unless there are compelling reasons why he should not be promoted.
2. Responsibility of the Major Air Commander. The major air commander will:
a. Verify the promotion qualifications of all assigned Regular Air Force second lieutenants 'before they become eligible for promotion.
b. Submit the name of any officer he considers not qualified for promotion and his reasons therefor to HQ USAF (AFPMPJB), Wash 25, DC, for final determination. This information must be in HQ USAF sis months before the officer completes his three years of promotion list service. ¡(The commander’s deputy or chief of staff may sign the letter for him.)
c. Immediately send to HQ USAF any information made known after the original screening.
3. Discharge of Unqualified Officers. Officers not qualified for promotion are discharged in accordance with AFR 36-12.
The plaintiff contends that AFR 36-12, as applied in this case, exceeds the authority granted to the Secretary of the Air Force by Title 10 U.S.C., Sections 8287,8296, 8298, and 8814, and that AFR 36-12 and AFR 36-11 conflict with each other. The defendant takes the contrary position on both counts and argues that AlFR 36-12 does not exceed the authority granted the Secretary by the statutes, but is in complete harmony with the statutes. Defendant says further that there is no conflict between AFR 36-12 and AFR 36-11 and *17 that they are consistent with each other and with the statutes. We have carefully analyzed the arguments'of the parties, the statutes, and the regulations, and have concluded that the position of the defendant is sound, and that it has correctly applied the statutes and regulations involved, and that judgment should be entered for the government.
Plaintiff’s main complaint is that under the statutes and regulations he was entitled to credit for his service as a commissioned second lieutenant in the Reserve Air Force, beginning July 1,1964, in computing the three year probationary period which would entitle him to mandatory promotion under Section 8289 and AFR 36-11. He points out that by counting his service in the Reserve Air Force, he completed his three years of service as a commissioned second lieutenant on July 1,1967, and that the Regular Air Force was required to promote him to first lieutenant at that time. As proof of this, he says that others who were appointed second lieutenants in the Reserve on July 1,1964, along with him, and who were later appointed second lieutenants in the Regular Air Force along with plaintiff on June 16, 1965, were in fact promoted to first lieutenant in the Regular Air Force on or about July 1,1967. Plaintiff argues that since the prior service in the Reserve was counted on the three year probationary period for the others, the same should be done in his case. Furthermore, he says that Section 8287 requires that he be given credit for his prior service in the Reserve for the purpose of determining position on the promotion list and eligibility for'promotion. The plaintiff emphasizes the fact that, counting his prior service, he finished the required three years of service on July 1, 1967, but he was not discharged until January 22,1968.
The defendant answers this argument by saying that the plaintiff was given credit for his prior service in the Reserve for the purpose of determining his eligibility for promotion and that in fact he was eligible for promotion along with his associates who were promoted on July 1, 1967, the end of his three years of service, but that prior to that date (on June 24, 1967) he was found not to be qualified for promotion. Defendant says further that plaintiff was discharged because he was not qualified rather than because he was not eligible for promotion.
*18 We think the defendant correctly construed and applied the statutes and the regulations. The term “eligible” (for promotion), as used in the regulations, does not include or encompass the status or quality of being “qualified” (for promotion).. If a serviceman is eligible for promotion, this does not necessarily mean he is qualified for promotion. He may be or he may not be qualified. If he is eligible, he may be considered by the Air Force for promotion and may actually be promoted, if he is qualified; or he may not be promoted even though he is eligible and qualified where he has not completed three years of active service in the Regular Air Force, as discussed below). There is a difference between being eligible for promotion and being qualified for it.
Plaintiff’s prior service was correctly counted for the purpose of meeting the requirement of three years of service to be eligible for promotion, if qualified. But plaintiff argues that his promotion was mandatory because he had completed three years of combined service. We do not agree. The mandatory provision of the statutes and regulations which provide for an automatic promotion are not applicable until and unless the serviceman (1) has served three years as a second lieutenant in the Regular Air Force, and (2) is qualified for promotion. Neither of these requirements has been met by plaintiff in this case. 10 U.S.C. § 8298 (1964) provides in part:
* * * If a promotion-list officer in that grade [second lieutenant] is found to be not fully qualified, he shall be discharged under section 8814 of this title.
Also, 10 U.S.C. § 8814 (1964) provides in part:
The Secretary of the Air Force may discharge a regular commissioned officer of the Air Force who has less than three years of continuous service as a commissioned officer therein. * * *
The plaintiff insists that the word “therein” means “Air Force.” We do not agree. We construe it to mean “Regular Air Force.” Our conclusion is based on legislative history, congressional intent, and the prior construction of a similar statute pertaining to the Army, as well as the interpretation by the Air Force of 10 U.S.C. § 8814 and its predecessor statute over a long period of time, as shown by the following:
*19 Section. 8814 is practically the same as 10 U.S.C. § 3814 (1964) relating to Regular Army officers. Both statutes are based on the Act of July 25,1939, Chapter 33'3, 53 Stat. 1074, 10 U.S.C. 484a (1952 ed.), which was an Act entitled “To provide for probationary appointments of officers in the Regular Army.” It provided, in part, as follows:
Sec. 23. Original Appointments To Be Probationary.— The Secretary of War, under such regulations as he may prescribe, may hereafter revoke the commission of any officer on the active list, initially commissioned after the date of this Act, who, at the date of said revocation, has had less than three years of continuous service as a commissioned officer of the Army, and each officer whose commission is so revoked shall be discharged from the Army: * * *
Section 205 of the Act of July 26, 1947, 61 Stat. 501, changed the designation of the War Department to the Department of the Army and the title of Secretary of War to Secretary of the Army. Sections 207(a) and 208 established the Department of the Air Force. Section 208 (c) provided that officers and others in the United States Air Force shall retain their existing status in existing components of the armed forces unless otherwise altered or terminated in accordance with existing law. The provisions of Section 23 of the 1939 Act, 10 U.S.C. 484a (1952 ed.), were a part of the existing law at that time.
The provisions of 10 U.S.C. 484a (1952 ed.), which previously applied to the Regular Army and made applicable to the Regular Air Force by Section 208(c) of the 1947 Act, were codified by the Act of August 10, 1956 as 10 U.S.C. 3814, relating to the Army, 70A Stat. 220, and 10 U.S.C. 8814, relating to the Air Force, 70A Stat. 519. The 1956 codification did not make any substantive change in existing law, as shown by Section 49a thereof (70A Stat. 640) ; Senate Report No. 2484, 84th Congress, 2d Session and H.R. 7049, paragraph 6, U.S. Code & Adm. News, Vol. 3, p. 4613, 10 U.S.C.A. 426.
It appears that the War Department has interpreted 10 U.S.C. 484a (1952 ed.), relating to Army officers as meaning Army officers of the Regular Army since 1946. The Air Force has for a long time followed this interpretation of the War *20 Department in interpreting 10 U.S.C. 484a (1952 ed.), as applied to officers in the Air Force as meaning officers in the Regular Air Force. The Air Force has for many years similarly interpreted 10 U.S.'C. 8814. The interpretation of a statute by an administrative agency charged with its enforcement over a long period of time is very persuasive as to its meaning and should be followed if reasonable and not contrary to the language of the statute. This is especially true when it is consistent with the purpose and intent of the statute. DeLano v. United States, 183 Ct. Cl. 379, 388, 393 F. 2d 517, 521 (1968); and Cornman v. United States, 187 Ct. Cl. 486, 409 F. 2d 230 (1969), cert. denied, 396 U.S. 960. It is significant, too, that when Congress reenacted 10 U.S.C. § 484a (1952 ed.) by the new codification in 1956, following the administrative interpretation of the provisions of the Act by the Air Force, it made no changes of substance, which is strong evidence of its proper construction. Ageton v. United States, 95 Ct. Cl. 718 (1942); Allison v. United States, 157 Ct. Cl. 7, 301 F. 2d 670 (1962), cert. denied, 371 U.S. 901.
In the case of Abbott v. United States, 152 Ct. Cl. 798, 804, 287 F. 2d 573, 576 (1961), cert. denied, 368 U.S. 915, we held:
Therefore, it is our determination that the term “Army” as used in paragraph 4, section 15, of the Pay Readjustment Act of 1942, supra, pertains only to regular officers and not to reserve officers. * * * [Emphasis supplied.]
While the Abbott case involved a different statute, the analysis and reasoning is very similar.
We conclude that just as the word “therein” in 10 U.S.C. §3814 is. interpreted ,by the War Department as.meaning “Regular Army” and not “Army,” the same word “therein” in 10 U.S.C. § 8814 is correctly construed by the Air Force to mean “Regular Air Force” and not “Air Force.”
The plaintiff, although eligible for promotion on July 1, 1967, by reason of his combined service in the Reserve and in the Kegular Air Force for a total of three years, was not qualified for promotion. He has never contended that he was qualified for promotion. He was not entitled to a mandatory promotion at any time because he had not served the required three years in the Regular Air Force.
*21 'It is pointed out 'by the plaintiff that AFE 36-11 requires the major air commander to submit the name of any officer he considers not qualified for promotion and his reasons therefor to HQ USAF in Washington, D.C., six months before the officer completes his three years of promotion-list service, and this was not done in his case. We do not consider this to be material to any issue .in this case, The defendant' says this provision is directory and not mandatory. We think it is for the benefit of the Air Force and not the serviceman and he has no complaint if it is not complied with. Furthermore, the information was submitted to the proper office more than six months before the plaintiff was scheduled to finish his three years of service in the Eegular Air Force. It could hardly be argued that a failure to comply with this provision of the regulation would require the Air Force to promote an officer when he was not qualified.
The plaintiff’s argument, mentioned earlier, that AFE 36-12 exceeds the authority granted the Secretary of the Air Force by Title 10 U.S.C. 8287, 8296, 8298 and 8814 is not persuasive. Neither do we think that his contention that AFE 36-12 and AFE 36-11 are inconsistent and conflicting is meritorious. We do not feel .that it is necessary to detail our comparison of these regulations sentence by sentence in this opinion. Suffice it to say, we believe the regulations are consistent and do not conflict with each other or- the statutes.
In view of the foregoing, we do not consider it necessary to reach other questions raised by the parties.
Defendant’s motion for summary judgment is granted, plaintiff’s motion for summary judgment is denied, and plaintiff’s petition is dismissed.